Gregory R. Fox, WSBA No. 30559*
Todd M. Brannon, WSBA No. 59755*
Alena Ivanov, WSBA No. 59900*
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
Telephone: (206) 223-7000
foxg@lanepowell.com
brannont@lanepowell.com
ivanova@lanepowell.com
*Admitted Pro Hac Vice

Michael J. Parise, ABA No. 7906044
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, AK 99503-2648
Tel: (907) 264-3322
parisem@lanepowell.com

Attorneys for Cathay Bank

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Lead Case No. 24-00139<br>Jointly Administered<br><br>**CATHAY BANK'S MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(3)** |

## I.    INTRODUCTION & RELIEF REQUESTED

Cathay Bank ("Cathay") respectfully requests relief from the automatic stay with regard to debtor Salacia, LLC ("Salacia"), pursuant to 11 U.S.C. § 362(d)(3), because Salacia is a single asset real estate debtor, Salacia has not commenced monthly payments to Cathay, and Salacia filed a plan of reorganization that does not have a "reasonable possibility" of being confirmed.

---

[1] The Debtors are Marine Fishing International, Inc., Case No. 24-00140; Marine Fishing International, LLC, Case No. 24-00141; Modys, LLC, Case No. 24-00142; Salacia, LLC, Case No. 24-00143; Silver Wave, LLC, Case No. 24-00144; and Whittier Seafood, LLC.

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

## II. STATEMENT OF FACTS

**A. The Debtors.**

Aleksey Kozlov indirectly owns six business entities that are each debtors in their own chapter 11 bankruptcy cases that are jointly-administered for procedural convenience—but not substantively consolidated—under the above-captioned lead case (collectively, the "Debtors"): Marine Fishing International, Inc. ("MFI Inc."), Marine Fishing International, LLC ("MFI LLC"), Modys, LLC ("Modys"); Salacia, LLC ("Salacia"); Silver Wave, LLC ("Silver Wave"); and Whittier Seafood, LLC ("Whittier"). ECF No. 4.

**B. Cathay's Claims Against Salacia and the Other Debtors.**

On or about February 22, 2023, Cathay, the Debtors, and affiliates of the Debtors entered into certain loan documents (collectively, the "Loan Documents") whereby (i) Cathay made available to MFI certain credit facilities (the "Loan"); and (ii) MFI LLC, Modys, Salacia, Silver Wave, and Whittier absolutely and unconditionally guaranteed payment and performance of the Loan obligations, among other guarantors.

As of the Petition Date, the outstanding Loan obligations owed by each of the Debtors to Cathay pursuant to the Loan Documents totaled over $20 million (with respect to each Debtor, "Cathay's Claim"). *See*, *e.g.*, ECF No. 167 (cash collateral order with findings regarding Cathay's prepetition claim and collateral, and granting Cathay adequate protection liens) (the "Cash Collateral Order").

1. Cathay's Claim Against Salacia.

Salacia owns a single asset: an incomplete real estate development project intended for use as a multi-food processing plant and cold storage facility in Marysville, Washington (the "Salacia Plant"). Disclosure Statement at III.A.2; *see also* Case No. 24-00143 at ECF No. 19 (Salacia amended petition identifying Salacia as a single asset real estate debtor) (the "Salacia Petition"). The Debtors assert that the Salacia Plant's value is approximately $51.6 million. *Id*.

Cathay's Claim against Salacia is secured by the Salacia Plant and any related equipment and personal property. *See* Cash Collateral Order. Based on the Debtors' asserted value for the

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

Salacia Plant, Cathay's Claim against Salacia is entitled to allowance and treatment as an over-secured claim.

2. Cathay's Claim Against Whittier.

Whittier owns a seafood processing facility in Whittier, Alaska and related employee housing (collectively, the "Whittier Plant"), and certain equipment and other personal property assets (excluding the Whittier Plant, the "Whittier Equipment"). Disclosure Statement at III.A.1. The Debtors aggressively assert that the Whittier Plant's value is approximately $17.6 million, and the Whittier Equipment's aggregate value is approximately $7 million. Id.

Cathay's Claim against Whittier is secured by the Whittier Equipment, and an adequate protection lien on the Whittier Plant. See Cash Collateral Order. Based on the Debtors' asserted value for the Whittier Equipment, and Cathay's limited security interest in the Whittier Plant, Cathay's Claim against Whittier is entitled to allowance and treatment as a secured claim up to the value of its liens, and a general unsecured claim for the remainder of its claim amount.

3. Cathay's Claim Against MFI Inc.

MFI Inc. was formerly an international crab processor and distributor. MFI Inc. allegedly owns various personal property, primarily consisting of cash and accounts receivable (the "MFI Inc. Assets"). Disclosure Statement at III.A.3. The Debtors assert that the MFI Inc. Assets' aggregate value is approximately $915,000. Id.

Cathay's Claim against MFI Inc. is secured by the MFI Inc. Assets. See Cash Collateral Order. Based on the Debtors' asserted value for the MFI Inc. Assets, Cathay's Claim against MFI Inc. is entitled to allowance and treatment as a secured claim up to the value of its liens, and a general unsecured claim for the remainder of its claim amount.

4. Cathay's Claim Against MFI LLC.

MFI LLC provides payroll and management services to the other Debtors. MFI LLC allegedly owns various personal property, primarily consisting of cash, accounts receivable, and office equipment (the "MFI LLC Assets"), and an office lease. Disclosure Statement at III.A.4. The Debtors assert that the MFI LLC Assets' aggregate value is approximately $25,000. Id.

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

Cathay's Claim against MFI LLC is secured by the MFI LLC Assets. *See* Cash Collateral Order. Based on the Debtors' asserted value for the MFI LLC Assets, Cathay's Claim against MFI LLC is entitled to allowance and treatment as a secured claim up to the value of its liens, and a general unsecured claim for the remainder of its claim amount.

5. **Cathay's Claim Against Silver Wave**.

Silver Wave owns three vessels that it chartered to Whittier, but have been docked since October 2023 (the "Vessels"), and receivables (the "SW Receivables"). Disclosure Statement at III.A.5. The Debtors assert that the Vessels' aggregate value is approximately $976,000; and that the SW Receivables totaling approximately $1.8 million are entirely uncollectable. *Id*.

Cathay's Claim against Silver Wave is secured by one of its Vessels, any equipment on the Vessels, and the uncollectible SW Receivables. *See* Cash Collateral Order. Based on the Debtors' asserted value for the Vessels and SW Receivables, Cathay's Claim against Silver Wave is entitled to allowance and treatment as a secured claim up to the value of its liens, and a general unsecured claim for the remainder of its claim amount.

6. **Cathay's Claim Against Modys**.

Modys owns a commercial building in Bellevue, Washington (the "Modys Building") that it leases to MFI Inc. and MFI LLC, and various personal property, primarily consisting of cash (excluding the Modys Building, the "Modys Assets"). Disclosure Statement at III.A.6. The Debtors assert that the Modys Assets' have negligible value. *Id*.

Cathay's Claim against Modys is secured by the Modys Assets and not the Modys Building. *See* Cash Collateral Order. Based on the Debtors' asserted value for the Modys Assets, Cathay's Claim against Modys is entitled to allowance and treatment as a minimally secured claim up to the value of its liens, and a general unsecured claim for the remainder of its claim amount.

**C. The Debtors' Joint Plan.**

On November 19, 2024, the Debtors collectively filed one Joint Plan of Reorganization (the "Joint Plan") and disclosure statement ("Disclosure Statement"). ECF No. 198-199.

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

### III.   STATEMENT OF ISSUES

Whether the Court should grant Cathay relief from the automatic stay with regard to Salacia pursuant to 11 U.S.C. § 362(d)(3).

### IV.   EVIDENCE RELIED UPON

This Motion relies upon the Declaration of David Scheiber and exhibits ("Scheiber Decl.") [ECF No. 29], Salacia Petition [Case No. 24-00143, ECF No. 19], Cash Collateral Order [ECF No. 167], Joint Plan [ECF No. 199], Disclosure Statement [ECF No. 198], Cathay's Claim against each of the Debtors, and the other papers and pleadings on file in this matter.

### V.   LEGAL ANALYSIS

A secured creditor is entitled to relief from stay under 11 U.S.C. § 362(d)(3) when a single asset real estate debtor fails to either commence monthly payments at the non-default rate or file a plan that has a "reasonable possibility" of being confirmed within a reasonable time within 90 days of the petition date. Salacia is a single asset real estate debtor, Salacia has not commenced monthly payments to Cathay, and on the 90th day after the petition date, Salacia filed a joint plan along with its affiliated debtors (the "Joint Plan") that does not have a reasonable possibility of being confirmed.

The Joint Plan is patently unconfirmable because it (A) treats the Debtors as a single estate and conflates Cathay's claims against each Debtor into one class; (B) distributes sale proceeds in violation of Cathay's lien priorities and unsecured rights; (C) conditionally waives Cathay's pre-effective date default interest; (D) provides an unconfirmable post-effective date interest rate for Cathay's allowed secured claim, and (E) is not feasible.

**A.   The Joint Plan Treats the Debtors as a Single Estate and Conflates Cathay's Claims Against Each Debtor into One Class.**

The Joint Plan classifies Cathay's Claim against each of the Debtors into a single class to be paid by only two of the Debtors: (i) payment from Whittier selling the Whittier Plant, and (ii) payment from Salacia refinancing, or, if unsuccessful after an extended period of time, selling the Salacia Plant. *See* Joint Plan at IV.B.1.c(3) (Cathay "shall be paid in full from a combination of

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

(i) the distribution of the Net Proceeds from the Whittier Sale, and (ii) a Salacia Financial Transaction"). Putting aside confirmation disputes regarding feasibility or fair and equitable treatment, the Joint Plan's consolidated classification and proposed payment of Cathay's Claim is patently unconfirmable.

The Debtors' bankruptcy estates have not been substantively consolidated in any capacity. Therefore, the Debtors must each independently satisfy the confirmation standards of Section 1129 as applied separately to each estate's respective plan. *See In re Tribune Co.*, 464 B.R. 126, 182 (Bankr. D. Del. 2011) ("In the absence of substantive consolidation, entity separateness is fundamental."). A "single distribution scheme" proposed by affiliated debtors is only confirmable with the consent of their creditors; "convenience alone is not sufficient reason to disturb the rights of impaired classes of creditors of a debtor not meeting confirmation standards." *Id*. at 183.

Cathay is entitled to allowance and separate treatment of the full amount of its claims against each of the Debtors' respective estates, without adjusting for whatever treatment the other Debtors propose for Cathay's claims against each of the other Debtors under their own plans. *See Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243, 246 (1935); *In re Del Biaggio*, 496 B.R. 600, 603 (Bankr. N.D. Cal. 2012) ("*Ivanhoe* makes a choice as to how the claim of a creditor will be treated in bankruptcy proceedings if that creditor receives partial payment from a co-obligor of the debtor. *Ivanhoe* decides that the amount the creditor's claim in the bankruptcy case is not affected by third-party payments, except to the extent payment from the debtor would produce a double recovery.").

Under a proper separate-plan analysis, the Joint Plan is unconfirmable because it is entirely predicated on two of the Debtors paying Cathay's Claim while four of the Debtors *avoid* making *any* payments on Cathay's Claim for the entire term of the Joint Plan. The Joint Plan's impermissible single distribution scheme is rife with conflicts between the Whittier and Salacia estates. The Debtors assert that Cathay's Claim against Whittier is under-secured, but Cathay's Claim against Salacia is over-secured, yet Whittier and Salacia are effectively thrown into a game of chicken to determine which debtor can monetize its assets last to avoid being the debtor that

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

pays Cathay. Meanwhile, the Joint Plan is unconfirmable for MFI Inc., MFI LLC, Modys, and Silver Wave because the Joint Plan does not propose for those Debtors to pay anything to Cathay.

**B.    The Joint Plan Distributes Sale Proceeds in Violation of Cathay's Lien Priorities and Unsecured Rights.**

The Joint Plan proposes to distribute net proceeds from a sale of the Whittier Plant as follows: (1) $100,000 toward attorneys' and professionals fees; (2) $5,542.44 to Ferguson Enterprises' Class 6 claim; (3) $1,600,000 to Cathay in alleged satisfaction of its post-petition liens against Whittier's assets[2]; (4) net proceeds from Cathay's equipment collateral and vessel collateral paid to Cathay, to the extent those assets are included in the sale; (5) net proceeds to Whittier's unsecured creditors' in Class 8 until paid in full; and then (6) net proceeds to Cathay to the extent any remain. *See* Joint Plan at VII.C.1.a. The Debtors assert that Cathay's Claim against Whittier is under-secured, yet the Joint Plan would distribute net sale proceeds from Whittier's assets to Whittier's general unsecured creditors ahead of distributing those proceeds to Cathay on the unsecured portion of Cathay's Claim against Whittier. *See* Joint Plan at IV.B.8 (defining Class 8 unsecured creditors as those listed on Exhibit A to the Joint Plan, and omitting Cathay from Exhibit A).

Under Section 1122, courts generally require that substantially similar claims be included in a single class. *See*, *e.g.*, *In re Tucson Self-Storage, Inc.*, 166 B.R. 892, 897 (B.A.P. 9th Cir. 1994) ("Separate classifications for unsecured creditors are only justified where the legal character of their claims is such as to accord them a status different from the other unsecured creditors.") (internal quotations omitted) (prohibiting separate classification of unsecured trade creditors and unsecured deficiency claims). Although the Ninth Circuit has held that in certain cases, a direct obligor debtor (here, MFI Inc.) may separately classify a guaranteed claim, because it may have different attributes to unguaranteed claims, there is no basis to separately classify and separately

---

[2] Cathay's adequate protection lien against the Whittier Plant was increased from $1,600,000 to $1,864,923.98 in connection with the Debtors' use of cash collateral to obtain insurance on the Salacia property.

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

treat general unsecured claims directly arising under the guaranty *in the guarantor's own estate*, here the Whittier estate. Those claims are all similarly situated. A debtor is also prohibited from treating general unsecured claims differently just because there is a basis to place them in separate classes for plan voting purposes. *See* 11 U.S.C. 1122. Yet here, the Whittier estate improperly proposes to distribute sale proceeds to Whittier's general unsecured creditors ahead of Cathay's own unsecured portion of its claim against Whittier, which is a similarly-situated, direct, noncontingent liability of the Whittier estate, fully allowable under *Ivanhoe*.

To comply with Section 1122, and thereby stay within the bounds of Section 1129(a)(1) and (7), any portion of Cathay's Claim against Whittier that is not paid from the proceeds of its Whittier collateral would need to share in the Whittier net proceeds distribution *pro rata* with Whittier's general unsecured creditors, not behind them. The Joint Plan is unconfirmable because it unfairly discriminates against Cathay with regard to the proposed distributions to Whitter's unsecured creditors.

C.  **The Joint Plan Conditionally Waives Pre-Effective Date Default Interest.**

The Joint Plan provides for Cathay's Claim to be allowed as a secured claim in an amount "equal to all amounts then owing on the Cathay Loan… *but subject to the Conditional Interest Rate Adjustment*." Joint Plan at IV.B.1.b (emphasis added). The Joint Plan defines the "Conditional Interest Rate Adjustment" to mean that if the Debtors pay Cathay's Claim in full by June 30, 2025, then Cathay "shall forego all default interest that would otherwise be payable" to Cathay under the Loan Documents, including "any amount owing for interest in excess of interest that has accrued at the non-default rate" pre- and post-petition. Joint Plan at II.A.60-61. The Conditional Interest Rate Adjustment renders the Joint Plan unconfirmable.

The Debtors assert that Cathay's Claim against Salacia is over-secured. As an over-secured creditor of Salacia, Cathay is entitled to allowance of (i) pre-petition default interest, and (ii) pendency default interest. The Joint Plan is unconfirmable because it does not provide for Cathay's allowed secured claim to unequivocally include all pre-petition default interest and pendency default interest.

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

1. <u>Cathay's Allowed Claim Must Include Pre-Petition Default Interest</u>.

"Prepetition interest is generally allowable to the extent and at the rate permitted under the applicable nonbankruptcy law, including the law of contracts." *In re Milham*, 141 F.3d 420, 423 (2d Cir.1998); *Vanston Bondholders Prot. Comm. v. Green*, 329 U.S. 156, 161 (1946) ("What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law."). An event of default or the maturity of the debt will often trigger a higher interest rate, and "[i]t is well settled that an agreement to pay interest at a higher rate in the event of default or maturity is an agreement to pay interest and not a penalty." *In re 785 Partners LLC*, 470 B.R. 126, 131 (Bankr. S.D.N.Y. 2012)(citations omitted).

Cathay's Claim includes pre-petition interest at the contractual default rate, which went into effect upon the Debtors' default under the Loan Documents. The Joint Plan is not alleging or applying that the default interest rate was incorrectly applied by Cathay under applicable contract and state law. The Joint Plan merely seeks to unilaterally waive all default interest because the Debtors prefer to not pay that portion of Cathay's Claim. There is absolutely no basis in law or fact to erase Cathay's Claim's pre-petition default interest by confirming a plan that includes the Conditional Interest Rate Adjustment.

2. <u>Cathay's Allowed Claim Must Include Post-Petition "Pendency" Default Interest</u>.

Interest that accrues after the filing of a petition but prior to the effective date of a reorganization plan is known as "pendency interest." *In re Beltway One Dev. Grp., LLC*, 547 B.R. 819, 826 (B.A.P. 9th Cir. 2016). The Bankruptcy Code expressly provides for over-secured creditors to receive pendency interest, including "any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." *Id*. (quoting 11 U.S.C. § 506(b)). There is a presumption that over-secured creditors are entitled to pendency interest at the default rate. *Id*. at 830; *see also Gen. Elec. Capital Corp. v. Future Media Prods. Inc.*, 536 F.3d 969, 974 (9th Cir. 2008), *amended*, 547 F.3d 956 (9th Cir. 2008) (the default rate presumption has been "adopted by the majority of federal courts."). The debtor bears the burden of rebutting this

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

default rate presumption. *See*, *e.g.*, *Beltway One*, 547 B.R. at 830; *see also In re Manuel Mediavilla, Inc.*, 13-2800 (MCF), 2016 WL 5360621, at *2 (Bankr. D.P.R. Sept. 23, 2016) (adopting "the majority rule").

In Salacia's case, it is undisputed that (i) the Disclosure Statement treats Cathay as an over-secured creditor, and (ii) the Loan Documents provide for default interest. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 239 (1989) (a creditor is considered to be "oversecured" when the value of its collateral exceeds the amount of the creditor's allowed claim). Salacia's bankruptcy filing, and pre-bankruptcy events of default, constitute defaults under the Loan Documents. *See* Scheiber Decl., Ex. A (Loan Agreement at § 7.1 (Events of Default) and § 1.5(b) (Default Rate)). Therefore, Cathay is presumptively entitled to pendency interest at the default rate through the Plan's effective date, along with its "reasonable fees, costs, or charges" incurred prior to the Plan's effective date; and there is no reasonable possibility that Salacia could rebut that presumption—nor has Salacia indicated any intent to attempt to rebut that presumption in the Conditional Interest Rate Adjustment provision or anywhere else in the Joint Plan or disclosure statement. *See*, *e.g.*, *In re 785 Partners LLC*, 470 B.R. 126, 134 (Bankr. S.D.N.Y. 2012) (Contract rate modification should be "limited to situations where the secured creditor is guilty of misconduct, the application of the contractual interest rate would harm the unsecured creditors or impair the debtor's fresh start or the contractual interest rate constitutes a penalty.")

Fees and costs are appropriately granted under 11 U.S.C. § 506(b) if (1) the creditor's claim is an allowed secured claim; (2) the creditor is over-secured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement. *See*, *e.g.*, *In re Kamai*, 316 B.R. 544, 548 (9th Cir. BAP 2004); *In re Kord Enterprises II*, 139 F.3d 684, 689 (9th Cir. 1998). In Salacia's case, the Joint Plan provides that Cathay's Claim is an allowed secured claim, Cathay's Claim against Salacia is over-secured, and Cathay's default interest, fees, and costs are provided for under the Loan Documents; therefore, subject to the reasonableness of Cathay's fees and costs, all of those amounts must be included in the total amount of Cathay's Claim up to the Joint Plan's effective

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

date—at which point that allowed claim amount would begin accruing interest at the Joint Plan's post-effective date interest rate.

The Joint Plan is unconfirmable because it fails to provide for Cathay's Claim against Salacia to be allowed in the proper amount, which must include (i) pre-petition default interest, fees, and costs, and (ii) pendency default interest, fees, and costs. *See* 11 U.S.C. § 506(b); 11 U.S.C. § 1129(b)(2)(A); *In re Beltway One Dev. Grp., LLC*, 547 B.R. 819, 826 (B.A.P. 9th Cir. 2016). Instead, the Joint Plan impermissibly provides for a unilateral conditional release of *all* default interest.

### D. The Joint Plan Provides an Unconfirmable Post-Effective Date Interest Rate.

The "fair and equitable" test ensures that Cathay's treatment follows current market conditions. *In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 504 (Bankr. S.D. Ohio 2011) ("in assessing the reasonableness of a repayment period [relevant factors] include the typical maximum loan period for similar properties and whether the market would bear terms comparable to those proposed in the plan.").

The Joint Plan provides for Cathay's allowed secured claim against Salacia to accrue interest after the effective date "at the non-default rate" under the Loan Documents. *See* Joint Plan at IV.B.1.c(2). The Joint Plan's proposed post-effective date interest rate renders the Joint Plan unconfirmable, as the rate is objectively too low. The non-default rate under the Loan Documents does not reflect the current market for lending to Salacia, in light of the Salacia Plant's incomplete status, web of liens, and pending bankruptcy (among other pre-petition defaults). The appropriate post-effective date interest rate for Cathay's Claim against Salacia is *at least* the default rate under the Loan Documents, and potentially even higher, given that Salacia is proposing a negative amortization plan with regard to Cathay's Claim.[3]

---

[3] Cathay reserves all rights to advocate for a plan rate higher than its contractual default rate.

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

E. **The Joint Plan is Not Fair and Equitable, or Feasible, and Includes a Myriad of Other Deficiencies That Render the Joint Plan Unconfirmable**.

The Joint Plan does not provide for any payments to Cathay or other creditors, while (i) Cathay's Claim continues to accrue interest, fees, and costs, and (ii) each of the Debtors and their equity holders retain the Debtors' assets, other than the Whittier Plant. Four of the six Debtors are not proposing to make any payments to their creditors or liquidate any of their assets, relying solely on Whittier and/or Salacia to satisfy all claims for all of the Debtors.

The Joint Plan's proposal to afford Salacia's equity holders six months to refinance, then six-to-nine months to sell the Salacia Plant, is especially problematic and further renders the Joint Plan unconfirmable. For the first six months of the Joint Plan's term, Salacia and its equity holders propose to pursue an *impossible* refinance of an incomplete construction project encumbered by Cathay's Claim and corresponding liens, construction liens, and the Whittier subordinate lien (which refinance they had purportedly been seeking pre-petition without success). The Joint Plan then proposes to provide the Debtors with an additional six months, plus a three-month extension, to pursue a sale of Salacia at whatever price Salacia deems appropriate, which will inevitably be an unrealistic price intended to deliver a sizeable return to Salacia's equity holders. By the end of that fruitless exercise, Cathay's Claim against Salacia will have accrued fifteen months of interest, leaving little-to-no equity cushion to protect Cathay, if an equity cushion ever existed to begin with. This type of a "negative amortization" plan would unfairly shift the risk of a successful realization event that would solely benefit equity holders, to the Debtors' creditors. *See In re Apple Tree Partners, L.P.*, 131 B.R. 380, 405 (Bankr. W.D. Tenn. 1991). Such risk-shifting cannot satisfy the "fair and equitable" standard. *See id.* (holding that risks to creditor of the plan's failure are too high and extended too long); *In re EFH Grove Tower Assocs.*, 105 B.R. 310, 313 (Bankr. E.D.N.C. 1989) ("[Creditor] has little to gain from the debtor's proposed plan, yet the risks that the plan imposes upon [creditor] are substantial.").

Moreover, the Debtors are unlikely to succeed in completing the Joint Plan. The Joint Plan and Disclosure Statement do not provide any factual support to demonstrate the Debtors' ability

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

to complete the transactions proposed in the Joint Plan, other than the Debtors' own asserted values of the subject properties and their promises to retain professional brokers; rendering the Joint Plan unfeasible and further unconfirmable. *In re Claar Cellars LLC*, 623 B.R. 578, 592 (Bankr. E.D. Wash. 2021)("[C]reditors, particularly [the secured creditor] receive the proverbial 'hope certificate' that everything will proceed as promised. This lack of detail and lack of firm processes that could constitute adequate means for the plan's implementation renders it unconfirmable.").

### VI.   CONCLUSION

For these reasons, Cathay respectfully requests relief from the automatic stay with regard to Salacia, pursuant to 11 U.S.C. § 362(d)(3).

DATED this 26th day of November, 2024.

LANE POWELL PC

By /s/ *Gregory R. Fox*
Gregory R. Fox, WSBA No. 30559*
Michael J. Parise, ABA No. 7906044
Todd M. Brannon, WSBA No. 59755*
Alena Ivanov, WSBA No. 59900*
Attorneys for Cathay Bank

*Admitted Pro Hac Vice

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2024, a true and correct copy of the foregoing document was served electronically through the ECF system as indicated on the Notice of Electronic Filing, including the following persons:

    Debtors
    U.S. Trustee
    Registered ECF Participants

By:  */s/Gregory R. Fox*
      Gregory R. Fox, Lane Powell PC

MOTION FOR RELIEF FROM STAY
PURSUANT TO 11 U.S.C. § 362(d)(3) - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9945009.5

# EXHIBIT A

Gregory R. Fox, WSBA No. 30559*
Todd M. Brannon, WSBA No. 59755*
Alena Ivanov, WSBA No. 59900*
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
Telephone:  (206) 223-7000
foxg@lanepowell.com
brannont@lanepowell.com
ivanova@lanepowell.com
*Admitted Pro Hac Vice

Michael J. Parise, ABA No. 7906044
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, AK 99503-2648
Tel: (907) 264-3322
parisem@lanepowell.com

Attorneys for Cathay Bank

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Lead Case No. 24-00139<br>Jointly Administered<br><br>***PROPOSED* ORDER GRANTING CATHAY BANK'S MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(3)** |

This matter came before the Court on the *Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d)(3)* (the "Motion") filed by Cathay Bank ("Cathay"), requesting relief from the automatic stay with regard to debtor Salacia, LLC ("Salacia"); the Court having considered the Motion and the record and files herein, and finding that adequate notice of the Motion was given and cause exists to grant the requested relief; now, therefore, it is hereby ORDERED:

---

[1] The Debtors are Marine Fishing International, Inc., Case No. 24-00140; Marine Fishing International, LLC, Case No. 24-00141; Modys, LLC, Case No. 24-00142; Salacia, LLC, Case No. 24-00143; Silver Wave, LLC, Case No. 24-00144; and Whittier Seafood, LLC.

ORDER GRANTING CATHAY BANK'S MOTION FOR RELIEF FROM STAY  - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9949047.2

1.  The Motion is hereby GRANTED;

2.  Cathay is hereby granted relief from the automatic stay provisions of 11 U.S.C. § 362 with regard to Salacia;

3.  Pursuant to Fed. R. Bankr. P. 4001(a)(3), the fourteen-day stay of this Order is hereby waived so that Cathay may be allowed to pursue its lawful rights and remedies against Salacia immediately upon entry of this Order.

ENTERED this ___ day of December, 2024.

BY THE COURT

_____
THE HONORABLE GARY SPRAKER
United States Bankruptcy Judge

Presented by:

LANE POWELL PC

By /s/Gregory R. Fox
   Gregory R. Fox, WSBA No. 30559*
   Michael J. Parise, ABA No. 7906044
   Todd M. Brannon, WSBA No. 59755*
   Alena Ivanov, WSBA No. 59900*
Attorneys for Cathay Bank

*Admitted Pro Hac Vice

ORDER GRANTING CATHAY BANK'S MOTION FOR RELIEF FROM STAY - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9949047.2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2024, a true and correct copy of the foregoing document was served electronically through the ECF system as indicated on the Notice of Electronic Filing, including the following persons:

    Debtors
    U.S. Trustee
    Registered ECF Participants

By: */s/Gregory R. Fox*
    Gregory R. Fox, Lane Powell PC

ORDER GRANTING CATHAY BANK'S MOTION FOR RELIEF FROM STAY - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

119366.0020/9949047.2