HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re | Chapter 11 |
| WHITTIER SEAFOOD, LLC, [1] | Lead Case No. 24-00139 |
| Debtors. | Jointly Administered |
| | [PROPOSED] ORDER (1) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (2) APPROVING ASSUMPTION AND ASSIGNMENT OF ARRC LEASE; (3) DETERMINING THAT BUYER QUALIFIES AS GOOD FAITH PURCHASER UNDER 11 U.S.C. SECTION 363(m); AND (4) AUTHORIZING DISTRIBTUIONS |

THIS MATTER came before the Court at a hearing on March 5, 2025 (the "Sale Hearing"), on the *Motion For Order (1) Approving the Sale Of Assets Free and Clear; ( 2) Approving the Assumption and Assignment of Lease; (3) Determining Buyer is Good Faith Purchaser; and (4) Authorizing Distributions* [ECF No. 285] (the "Sale Motion"), filed by debtors Whittier Seafood,

---

[1] The Debtors are Marine Fishing International, Inc. ("MFI Inc."), Case No. 24-00140; Marine Fishing International, LLC ("MFI LLC"), Case No. 24-00141; Modys, LLC ("Modys"), Case No. 24-00142; Salacia, LLC ("Salacia"), Case No. 24-00143; Silver Wave, LLC ("Silver Wave"), Case No. 24-00144; and Whittier Seafood, LLC ("Whittier") (collectively, the "Debtors").

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR;
( 2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER;
AND (4) AUTHORIZING DISTRIBUTIONS – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  LLC ("Whittier") and Silver Wave, LLC ("Silver Wave") (each a "Debtor" and together, the
2  "Debtors"), debtors-in-possession herein.  The Court, having reviewed the files and records herein,
3  including the Motion and it supporting declarations, and any objections or other responses to the Sale
4  Motion, and having considered the presentations of counsel at the Sale Hearing, and deeming itself
5  fully advised, the Court finds and concludes as follows:

6        A.    On January 14, 2025, the Court entered its *Order Approving Bid Procedures and Form*
7  *of Notice* [ECF No. 259] (the "Bid Procedures Order"), which governed the procedures to be used in
8  connection with the marketing and sale of Whittier's assets.  Among its provisions, the Bid Procedures
9  Order shortened the notice period for the filing of the Sale Motion to seven days.  *See* ECF No. 259 at
10 4.

11       B.    On February 24, 2025, the Debtors filed the Sale Motion along with supporting
12 declarations, *see* ECF Nos. 285-288 and 291, seeking authority to close and consummate the sales of
13 the Debtors' assets to the Buyer (the "Sale") pursuant to the APAs.

14       C.    On February 25, 2025, the Debtors filed their *Certificate of Service* [ECF No. 289],
15 which evidences that notice of the Sale Motion was disseminated on February 25, 2025.  The Debtors
16 have provided proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing
17 consistent with the notice requirements of the Bid Procedures Order.

18       D.    This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and
19 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) over which the Court
20 has jurisdiction to enter a final order.  Venue is proper in this district and this Court under 28 U.S.C.
21 § 1408.  The Sale Motion was properly before the Court at the Sale Hearing.

22
23

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR;
(2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER;
AND (4) AUTHORIZING DISTRIBUTIONS – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 ib28e901re

E. In the Sale Motion, the Debtors seek approval of the sale of the Acquired Assets (as defined and detailed in the Sale Motion) pursuant to the terms of an Asset Purchase Agreement[2] (the "Whittier APA"[3] or the "Silver Wave APA"[4], as applicable, and together the "Purchase Agreements"), with CMCC Co. Ltd. ("Buyer") (together, the "Proposed Sales").

F. On February 27, 2025, the Buyer advised the Debtors' marketing firm, Hilco Corporate Finance ("Hilco") that it did not want to proceed with the Silver Wave APA for the purchase of the Vessels on the basis that the Buyer is a Hong Kong entity and, to operate as a fishing vessel in American waters, at least 75 percent of a vessel's ownership and control must be vested in United States citizens. *See generally* 46 U.S.C. section 12113(c)(1). At the Sale Hearing, the Debtors advised the Court that they did not intend to seek approval of the Silver Wave APA, and that that component of the Sale Motion would be withdrawn.

G. Whittier has demonstrated good, sufficient, and sound business reasons and compelling circumstances to enter into the Whittier APA and sell the Acquired Assetsunder sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate and reasonable exercises of Whittier's business judgment and in the best interests of Whittier, its estate, and creditors and other parties in interest. Such business reasons include, but are not limited to, the facts that (i) the Whittier APA and terms thereof constitute the highest and/or best offer for the Acquired Assets, (ii) no other person or entity or group of persons or entities has offered to purchase the Acquired Assets for greater economic value to Whittier's estate than the Buyer, and (iii) the Sale pursuant to the terms of the Whittier APA will present the best opportunity to realize the value of the Whittier's assets.

---

[2] Capitalized terms herein have the meaning identified in the Whittier APA or the Silver Wave APA, as applicable, unless otherwise indicated.
[3] Defined in the Motion as the "Whittier Purchase Agreement."
[4] Defined in the Motion as the "Silver Wave Purchase Agreement."

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR; (2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER; AND (4) AUTHORIZING DISTRIBUTIONS – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 ib28e901re

H.  For the reasons stated on the record at the Sale Hearing, which are incorporated herein by this reference pursuant to Bankruptcy Rule 7052, the Court finds and concludes that the relief requested in the Sale Motion is reasonable, appropriate and in the best interests of Whittier, its estate and creditors and all parties in interest, and that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein, and that the Sale Motion should be granted.  Now, therefore, it is hereby

ORDERED as follows:

1. The Sale Motion [ECF no. 285] is hereby GRANTED.

2. The terms and conditions of the Whittier APA, a copy of which is attached hereto as Exhibit A, are hereby APPROVED.

3. All objections and responses to the Sale Motion or the relief requested therein, that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections and responses, are overruled on the merits and denied with prejudice.

4. Pursuant to section 363(b) of the Bankruptcy Code, and upon and subject to the Closing and the Buyer's performance of each of its obligations under the Whittier APA, including but limited to payment of the Purchase Price, Whittier is hereby authorized and directed to take any and all actions necessary or appropriate to perform under, consummate, implement, and effectuate the APA, and to execute and deliver any and all instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Whittier APA, this Order and the Sale, and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer, or reducing to possession, the Acquired Assets, including any and all rights appurtenant to or necessary for the operation or utilization of the Acquired Assets, or as may be necessary or appropriate to the performance of

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR; (2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER; AND (4) AUTHORIZING DISTRIBUTIONS – Page 4

2837 ib28e901re

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Whittier's obligations as contemplated by the Whittier APA, without any further corporate action or order of this Court.

5. The Acquired Assets shall be sold and conveyed to Buyer free and clear of all interests, obligations, rights, encumbrances, pledges, liens (including without limitation, mechanics', materialmens' and other consensual and nonconsensual liens and statutory liens), mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in section (5) of the Bankruptcy Code) (collectively, "Interests"). Any and all Interests shall attach to the proceeds of the Sale ultimately attributable to the Purchased Assets in which such creditor alleges an Interest, in the same order of priority, subject to distribution provisions set forth in the APA.

6. Whittier is authorized to sell and convey the Acquired Assets free and clear of all Interests because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

7. The Buyer would not have entered into the Whittier APA and would not consummate the Sale, thus adversely affecting the Whittier estate and its creditors, if the Sale were not free and clear of all Interests, or if the Buyer would be, or in the future could be, liable for any such Interests.

8. In connection with the Closing, Whittier is authorized and directed to assume and assign each of the Assumed Executory Contracts to the Buyer free and clear of all Interests. Such payments (if any) of the Cure Amounts shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtors party resulting from such default, and (c) together with the assumption of the Assumed Executory Contracts by the Buyers, constitute adequate assurance of future performance thereof. The Buyer shall then have assumed the Assumed Executory Contracts and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by Whittier of such Assumed Executory Contracts shall not be a default thereunder.

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR; (2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER; AND (4) AUTHORIZING DISTRIBUTIONS – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 ib28e901re

9. Except as otherwise expressly provided in the Whittier APA or this Order, (i) the Buyer shall not have any liability or other obligation of the Debtor arising under or related to any of the Acquired Assets that accrued, existed or was alleged or asserted, whether known or unknown, as of the Closing; and (ii) the Debtors shall not have any liability or other obligation arising under or related to any of the Acquired Assets that accrued, existed or was alleged or asserted, whether known or unknown, on and after the Closing.

10. The allocation of the Purchase Price for the various Acquired Assets shall be as set forth in <u>Exhibit B</u> hereto, and Whittier shall be authorized and directed to pay directly from the Closing the amounts set forth in Exhibit B to the recipient and in the amounts indicated in Exhibit B, except as provided in paragraphs 11 and 12.

11. Whittier is authorized to carve out from the distribution otherwise payable to Cathay Bank an amount equal to .08 of the Purchase Price for Quarterly Fees payable to the US Trustee to be held in escrow by Bush Kornfeld, until the Quarterly Fees become due.

12. Distributions payable to unsecured creditors set forth in Exhibit B shall be held in escrow by Bush Kornfeld until further order of the Court.

///

///

///

///

///

///

///

///

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR; (2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER; AND (4) AUTHORIZING DISTRIBUTIONS – Page 6

2837 ib28e901re

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

13. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order and that waiver of any applicable waiting period is appropriate.

DATED this ____ day of March, 2025.

BY THE COURT

_____
GARY SPRAKER
United States Bankruptcy Judge

Presented by:

BUSH KORNFELD LLP

By   /s/ *Lesley Bohleber*
   James L. Day, (admitted *pro hac vice*)
   Lesley Bohleber, (admitted *pro hac vice*)
Attorneys for Debtors-in-Possession

ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR; (2) APPROVING THE ASSUMPTION AND ASSIGNMENT OF LEASE; (3) DETERMINING BUYER IS GOOD FAITH PURCHASER; AND (4) AUTHORIZING DISTRIBUTIONS – Page 7

2837 ib28e901re

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT A

# EXHIBIT B

**Purchase Price Allocation, excluding Cure Payment)**

| Acquired Asset | Purchase Price Allocation | Total % of Purchase Price | Allocation of Hilco Fee | Distribution Amount | Proposed Distributions |
|---|---|---|---|---|---|
| Lot 1A | $550,000 | 12.5 | $65,970 | $484,030 | $5,632.64 to Ferguson Enterprises, Remainder to Cathay |
| Processing Plant | $1,600,000 | 36.3 | $192,103 | $1,407,897 | Cathay Bank |
| The Equipment listed on Schedule 2.1(e) | $2,200,000 | 49.8 | $263,878 | $1,936,122 | Cathay Bank |
| Fisherman Receivables | $44,955 | 1.0 | $5,805 | $39,150 | Cathay Bank |
| Seller's Interest in the Assumed Executory Contracts | $1 | 0.0 | | $1 | Cathay Bank |
| Deposits or Prepayments relating to the Assumed Executory Contracts | $1 | 0.0 | | $1 | Cathay Bank |
| All of Seller's tangible personal property located at (1) the Processing Plant and (2) Lot 1A, not including the Equipment listed on Schedule 2.1(e) | $1 | 0.0 | | $1 | Cathay Bank |
| | $4,394,958 | 99.6 | $527,757 | $3,867,202 | |

## Distributions of Purchase Price

| Recipient | Amount |
|---|---|
| Hilco | $527,757 |
| Ferguson Enterprises | $5,633 |
| Cathay Bank | $3,804,891 |
| Unsecured Creditors (Escrowed) | $21,370 |
| ARRC (Cure Payment) | $18,498 |
| Quarterly Fees (Escrowed) | $35,308 |
| **Total** | **$4,413,456** |