James L. Day, (admitted *pro hac vice*)
Lesley Bohleber, (admitted *pro hac vice*)
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206)292-2110
Fax: (206) 292-2014
Email: jday@bskd.com;
lbohleber@bskd.com
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC,[1]<br><br>Debtors. | Chapter 11<br>Lead Case No. 24-00139-GS<br>Jointly Administered<br><br>**ORDER CONFIRMING DEBTORS' FOURTH AMENDED JOINT PLAN OF REORGANIZATION**<br><br>Confirmation Hearing<br>DATE: May 9, 2025<br>TIME: 9:30 a.m. |

The debtors and debtors-in-possession ("Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), having proposed the *Fourth Amended Joint Plan of Reorganization* [ECF No. 368],[2] and the Court having conducted a hearing to consider confirmation of the Plan (as defined below) on May 9, 2025, now finds and concludes as follows:

---

[1] The Debtors are Marine Fishing International, Inc. ("MFI Inc."), Case No. 24-00140; Marine Fishing International, LLC ("MFI LLC"), Case No. 24-00141; Modys, LLC ("Modys"), Case No. 24-00142; Salacia, LLC ("Salacia"), Case No. 24-00143; Silver Wave, LLC ("Silver Wave"), Case No. 24-00144; and Whittier Seafood, LLC ("Whittier") (collectively, the "Debtors").

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

A. <u>Findings and Conclusions</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. <u>Jurisdiction and Venue; Core Proceeding</u>. This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C §§ 157 and 1334(a). A court's determination of whether to confirm a proposed plan of reorganization is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction to enter an order with respect thereto. This Court has exclusive jurisdiction to determine whether the Fourth Amended Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

C. <u>Initial Plan and Disclosure Statement</u>. On November 18, 2024, the Debtors filed their *Debtors' Joint Plan of Reorganization* [ECF No. 199] (the "<u>Initial Plan</u>") and *Disclosure Statement for Debtors' Joint Plan of Reorganization* [ECF No. 198] (the "<u>Initial Disclosure Statement</u>").

D. <u>Settlement; Amended Plan</u>. On January 21, 2025, the Court entered its *Order (1) Appointing Settlement Judge, (2) Setting Settlement Conference, and (3) Setting Status Conference*, pursuant to which the Debtors and others were directed to convene for an in-person settlement conference commencing on February 12, 2025. On March 19, 2025, the Debtors and Cathay Bank filed a joint motion [ECF No. 298] to approve the terms of a Plan Support Agreement that would memorialize the terms of a settlement the parties had reached as to an amended plan of reorganization. On April 2, 2025, the Court entered an order approving the Plan Support Agreement. ECF No. 326.

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 2

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

E. On March 31, 2025, the Debtors filed their *Second Amended Joint Plan of Reorganization* [ECF No. 320] (the "Second Amended Plan") and *Second Amended Disclosure Statement for Second Amended Joint Plan of Reorganization* [ECF No. 319] (the "Second Amended Disclosure Statement") to incorporate the terms of the settlement with Cathay Bank as memorialized in the Plan Support Agreement. On April 2, 2025, the Court entered its *Order (i) Approving Debtors' Second Amended Disclosure Statement, (ii) Setting Hearing on Confirmation of Second Amended Joint Plan of Reorganization, and (iii) Setting Deadlines for Submission of Ballots and Filing Objections* [ECF No. 327] (the "Procedures Order"), which (among other things) approved the Second Amended Disclosure Statement, set deadlines for the submission of objections to confirmation and the submission of ballots, and set a hearing on May 9, 2025, to consider confirmation of the Second Amended Plan (the "Confirmation Hearing").

F. Solicitation. On April 4, 2025, the Debtors distributed copies of the Second Amended Plan, the Second Amended Disclosure Statement, a ballot and a notice of the Confirmation Hearing to all parties on the service list maintained by the clerk of the court, as evidenced by the *Certificate of Service of Notice of Hearing on Confirmation of the Debtors' Second Amended Plan of Reorganization.* ECF No. 331.

G. Notice. Due, adequate, and sufficient notice of the Second Amended Plan, the Confirmation Hearing, and deadlines for the submission of ballots and filing objections to the Second Amended Plan was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Alaska, and the Procedures Order.

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

H. <u>Objections to Confirmation</u>. On May 5, 2025, objections to confirmation of the Second Amended Plan were filed by Cathay Bank, Tesla Electric, and the Whittier Unsecured Creditors Committee (the "<u>UCC</u>").

I. <u>Balloting Results</u>. On May 7, 2025, the Debtors filed their *Ballot Summary and Preconfirmation Report* [ECF No. 360] (the "<u>Preconfirmation Report</u>"), which set forth that Classes 2, 5, 8, 9, 10, 11, and 14 are not Insiders and are Impaired and entitled to vote, and each submitted ballots accepting the Second Amended Plan. Classes 1 and 3 voted to reject the Second Amended Plan.

J. <u>Amended Plans</u>. Also on May 7, 2025, the Debtors filed the *Debtors' Third Amended Plan of Reorganization* [ECF No. 358] (the "<u>Third Amended Plan</u>") that incorporated detail changes to the Second Amended Plan. As a result, the UCC and Tesla Electric withdrew their objections to confirmation. *See* ECF Nos. 367, 371. After further negotiations, on May 8, 2025, the Debtors filed the *Debtors' Fourth Amended Plan of Reorganization* [ECF No. 368] (the "<u>Fourth Amended Plan</u>"), which made additional but minor changes to the Third Amended Plan. Cathay Bank withdrew its objection and now supports confirmation of the Fourth Amended Plan. *See* ECF No. 366.

K. <u>Debtors File Redlined Plan; Confirmation Hearing</u>. On May 8, 2025, the Debtors filed a redline version of the Fourth Amended Plan, marked to identify all changes from the Second Amended Plan that was distributed to creditors. On May 9, 2025, the Court held a hearing on confirmation of the Fourth Amended Plan and specifically incorporates herein the oral findings and conclusions the Court made on the record at the hearing pursuant to Bankruptcy Rule 7052.

L. <u>Plan Modifications Do Not Require Further Solicitation</u>. The Court has reviewed the Fourth Amended Plan. The substantive changes from the Second Amended Plan and their impact are as follows:

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

- The Whittier estate, which holds an intercompany claim against debtor Silver Wave, will be granted a subordinate lien against notes receivable held by Silver Wave, junior to an existing security interest of Cathay Bank.  As Cathay Bank and the Whittier estate are the only creditors of Silver Wave (other than the Class 9 secured claim of the City of Whittier of approximately $3,000 that is secured by one of Silver Wave's vessels), this change is not material in that it only affects the Whittier estate and Cathay Bank, and both agree to this change. *See Fourth Amended Plan* at 10, 27-8.

- The treatment of the Class 2 Claim of Harris Pacific has been modified to (i) allow the Claim in a liquidated amount that the Debtors believe is less than would be allowed in a contested claim objection; (ii) interest will not start to accrue on the Claim until July 1, 2025; and (iii) the parties agree to mutual releases.  *Id.* at 13-4.  These changes are also not material as to any other creditors.

- The treatment of the Class 3 Claim of Tesla Electric has been modified to specify that interest will accrue on the Claim at the rate of 18% per annum, which the Debtors confirm is the applicable contract interest rate.  The allowance of the Claim in a particular amount remains subject to further proceedings.  *Id.* at 15.  This change is not material as to other creditors.

- The treatment of the Class 8 Claim of Spokane Stainless (pp. 18-9, 32) is modified to provide a means by which a buyer of the Salacia plant may acquire tanks that the Debtors ordered and the claimant manufactured and continues to hold for a release price that the Debtors represent is approximately half of the total amount owed the claimant.  This change is not material in that the release price, if paid, will be borne by a purchaser.

- The treatment of the Class 10 general unsecured claims of the Whittier estate, and the distribution of proceeds from the sale of Silver Wave assets (p. 27-8), have both been modified to incorporate the disposition of the Silver Wave receivables.  This change is not material as it affects only those parties that have agreed to it.

- The procedures for the payment of Hilco from the proceeds of a sale of Whittier assets have been modified (pp. 30) to provide for a pro rata sharing of the total Hilco commission between the Whittier and Salacia estates.  This change is a benefit to Whittier unsecured creditors and an appropriate allocation as to Salacia unsecured creditors.

- A provision has been added related to the distribution of Salacia sale proceeds (p. 31) to confirm that the rights of all Salacia lien holders are preserved relative to the priority and validity of such liens.  This provision simply reserves the rights of all Salacia lien creditors and is not material as to any other creditor.

- Provisions have been added related to the distribution of Modys sale proceeds (p. 32) by which (i) if the Modys building sells prior to a sale of the Salacia assets, the net proceeds (after payment in full of the Class 7 Claim of Cathay Holdings) will be held pending a Salacia sale; and (ii) if not paid sooner from other unencumbered proceeds, allowed administrative expense

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 5

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

claims will be paid from unencumbered Modys sale proceeds. This provision only impacts, if at all, Cathay Bank, which support confirmation of the Fourth Amended Plan.

M. <u>Plan Should Be Confirmed</u>. The Court has reviewed the Fourth Amended Plan, finds that it satisfies all applicable provisions of the Bankruptcy Code, that all prior objections to confirmation have been withdrawn and that each of the principal parties supports confirmation of the Fourth Amended Plan, and that the Fourth Amended Plan should be approved.

**IT IS HEREBY ORDERED as follows:**

1. <u>Confirmation</u>. The Fourth Amended Plan (the "<u>Plan</u>") is APPROVED in its entirety and CONFIRMED. The terms and conditions of the Plan and all documents, exhibits, and agreements thereto are incorporated by reference into and are integral parts of this Confirmation Order, as such terms and their implementation are hereby approved and authorized.

2. <u>Implementation</u>. The Debtors and Post-Effective Date Debtors are authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate any such instruments, agreements, or other documents created or executed in connection with the Plan, and directed to take all such actions and comply with all duties and obligations imposed on them under the Plan.

3. <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. Subject to the occurrence of the Effective Date, and notwithstanding any other applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order shall be binding on (a) the Debtors and Post-Effective Date Debtors; (b) all Holders of Claims against the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such Holders accepted the Plan; (c) any other party in interest; and (d) each of the foregoing's respective successors, assigns, administrators, affiliates, officers, directors, agents, attorneys, or representatives.

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 6

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4. <u>Evidence of Whittier-Silver Wave Lien</u>.  This Confirmation Order shall be sufficient for, and conclusive evidence of, the priority, perfection, and validity of the Whittier-Silver Wave Lien, and the Whittier Estate shall not be required to file or serve UCC financing statements, notices of lien or similar instruments, or take any other action in order to preserve the priority, perfection, and validity of the Whittier-Silver Wave Lien.

5. <u>Supplementations to the Plan Not Material</u>.  No modifications to the Plan subsequent to solicitation but before the Confirmation Hearing adversely affect the treatment of any Creditor or party in interest.  Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

6. <u>Resolution of Claims</u>.  As discussed in detail in the Plan and as otherwise provided herein, in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan.

7. <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>.  Within five (5) Business Days after the entry of this Confirmation Order, the Debtors shall provide notice of this order to any counterparty of a rejected executory contract or unexpired lease. Such notice shall include the Debtor's election to reject the applicable executory contract or unexpired lease.  Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases effectuated pursuant to Article VI.B. of the Plan, if any, must be filed with the Court and served on the Post-Effective Date Debtors within thirty (30) calendar days after the Effective Date.

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

8. <u>Administrative Claims Bar Date</u>.  Requests for payment of Administrative Claims, including those of Professional Persons that were employed by the Whittier Committee, must be filed with the Court and served on the Reorganized Debtors by the Administrative Claims bar date, as set forth in Articles VII.L and VIII.C. of the Plan, no later than thirty (30) calendar days following the Effective Date, in accordance with all applicable Bankruptcy Rules and Local Rules.

9. <u>Professional Fee Claims</u>.  All final requests for payment of Administrative Claims by Professional Persons to the extent required under the Bankruptcy Code must be made by application filed with the Court and served on the counsel to the Debtors or the Post-Effective Date Debtors and the U.S. Trustee in accordance with all applicable Bankruptcy Rules and Local Rules.

10. <u>Payment of Fees</u>.  All fees payable by the Debtors under 28 U.S.C. § 1930 shall be paid on or before the Effective Date, the due date, or as soon as practicable thereafter.

11. <u>Reference to Plan Provisions</u>.  The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

12. <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Plan and this Confirmation Order.

13. <u>Allowance of Cathay Bank Claim</u>.  Article IV.B.1.b. of the Plan in part states, "The Confirmation Order shall specify the dollar amount of the Class 1 Claim as of the Effective Date (the

//

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

"Class 1 Allowed Claim")."  The Debtors and Cathay Bank agree that the Class 1 Allowed Claim shall be $22,960,132.47.

DATED: June 5, 2025

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: T. Buford, Esq.
L. Bohleber, Esq.
J. Day, Esq.
G. Fox, Esq.
D. Neu, Esq.
M. Parise, Esq.
L. Thornton, Esq.
J. Torgerson, Esq.
J. Kaplan, Esq.
R. Murphy, Esq.
M. Mills, Esq.
T. Brannon, Esq.
A. Ivanov, Esq.
G. Pitts, Esq.
J.M. Palomares, Esq.
F. Rasch, Esq.
J. Welch, Esq.
K. Evans, Esq.
U.S. Trustee
ECF Participants via NEF

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 9

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Presented by:

BUSH KORNFELD LLP

By  /s/ James L. Day
    James L. Day, (admitted *pro hac vice*)
    Lesley Bohleber, (admitted *pro hac vice*)
Attorneys for the Debtor

Agreed as to form by:

LANE POWELL P.C.

By  /s/ James Zack
    James Zack, (admitted *pro hac vice*)
        Attorneys for Cathay Bank

MILLER NASH LLP

By  /s/ David Neu
    David Neu, (admitted *pro hac vice*)
 Attorneys for Whittier Seafoods Official Committee
    Of Unsecured Creditors

FREDRIKSON & BYRON P.A.

By  /s/ Ryan T. Murphy
    Ryan T. Murphy, (admitted *pro hac vice*)
    Attorneys for Harris Pacific Northwest LLC

WENOKUR RIORDAN LLP

By  /s/ Faye Rasch
    Faye Rasch, (admitted *pro hac vice*)
    Attorneys for Tesla Electric, LLC

ORDER CONFIRMING FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104