James L. Day, (admitted *pro hac vice*)
Lesley Bohleber, (admitted *pro hac vice*)
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206)292-2110
Fax: (206) 292-2014
Email: jday@bskd.com;
lbohleber@bskd.com
Attorneys for Debtors

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC, [1]<br><br>                    Debtors. | Chapter 11<br><br>Lead Case No. 24-00139<br><br>Jointly Administered<br><br>WHITTIER SEAFOOD, LLC AND SILVER WAVE, LLC'S MOTION FOR ORDER (1) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (2) APPROVING THE ASSIGNMENT OF EXECUTORY CONTRACTS; (3) DETERMINING THAT BUYERS QUALIFY AS GOOD FAITH PURCHASERS UNDER 11 U.S.C. SECTION 363(m); (4) AUTHORIZING DISTRIBTUIONS; AND (5) APPROVING THE VRSALOVIC NOTICE |

---

[1] The Debtors are Marine Fishing International, Inc. ("MFI Inc."), Case No. 24-00140; Marine Fishing International, LLC ("MFI LLC"), Case No. 24-00141; Modys, LLC ("Modys"), Case No. 24-00142; Salacia, LLC ("Salacia"), Case No. 24-00143; Silver Wave, LLC ("Silver Wave"), Case No. 24-00144; and Whittier Seafood, LLC ("Whittier") (collectively, the "Debtors").

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

Whittier and Silver Wave (each a "Seller" and together, the "Sellers"), debtors-in-possession herein, have each negotiated the terms of a modified Asset Purchase Agreement[2] (the "Second Whittier Purchase Agreement" or the "Second Silver Wave Purchase Agreement", as applicable, and together the "Second Purchase Agreements"), with The Alaska Wild Seafoods LLC, an Alaska limited liability company ("Alaska Wild"), and Alaska Whitecap Seafoods LLC ("Alaska Whitecap", and together, the "Buyers") providing for the sale of substantially all of Whittier's assets and Silver Wave's Vessels (the "Proposed Sales").

The Sellers move this Court for an order: (1) approving the Proposed Sales and authorizing Sellers to close and consummate the Proposed Sales pursuant to the Second Purchase Agreements; (2) authorizing distributions of the proceeds of the Proposed Sales, all as detailed herein; (3) finding the Buyers are good faith purchasers for purposes of Bankruptcy Code § 363(m); (4) approving Whittier's assignment of the Executory Contracts; and (5) approving the provisions related to the Vrsalovic Notice (as defined below) for purposes of noticing a of-record lienholder whose claim was fully paid year ago.

This Motion is based upon the files and records herein, the accompanying declaration of Aleksey Kozlov (the "Kozlov Declaration"). Copies of the Second Purchase Agreements are attached to the Kozlov Declaration as Exhibits A and B.

I.  **FACTUAL BACKGROUND**

A.  **The Initial Proposed Sales**

On February 24, 2025, Sellers filed a *Motion for Order (1) Approving the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances; (2) Approving the Assumption and Assignment of the*

---

[2] Capitalized terms herein have the meaning identified in the Second Whittier Purchase Agreement or the Second Silver Wave Purchase Agreement, as applicable, unless otherwise indicated.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

*ARRC Lease; (3) Determining that Buyer Qualifies as Good Fath Purchaser Under 11 U.S.C. Section 363(m); and (4) Authorizing Distributions*, ECF No. 285 (the "First Sale Motion") wherein Sellers sought approval of two Purchase Agreements (the "Whittier Initial Purchase Agreement", or the "Silver Wave Initial Purchase Agreement," as applicable, and together, the "Initial Purchase Agreements") by and between Sellers and CMCC Co. Ltd. (the "Initial Buyer"). In general terms, the Initial Purchase Agreements provided for the sale of most, but not all, assets of the Whittier estate and vessels that are, other than certain accounts receivable not included in the sale, the only assets of the Silver Wave estate (collectively, the "Initial Acquired Assets") for a total Purchase Price of $4,476,456.[3]

On February 27, 2025, the Initial Buyer informed Silver Wave, through the Sellers' investment banking firm Hilco Corporate Finance ("Hilco"), that it did not intend to move forward with the purchase of the Vessels. Thus, Silver Wave did not move forward with that component of the First Sale Motion.

Subsequently, the Initial Buyer, with Whittier's consent, assigned its rights under the Whittier Initial Purchase Agreement to Alaska Wild, a related entity.

On March 27, 2025, the Court entered its *Order (1) Approving the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances; (2) Approving the Assumption and Assignment of the ARRC Lease; (3) Determining that Buyer Qualifies as Good Fath Purchaser Under 11 U.S.C. Section 363(m); and (4) Authorizing Distributions*, ECF No. 316 (the "First Sale Order"), approving and authorizing Whittier to close and consummate the transaction contemplated by the Whittier Initial Purchase Agreement.

---

[3] The Purchase Price was inclusive of the Cure Amount for the ARRC Lease in the amount of $13,453.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

For various reasons, Alaska Wild did not close the transaction. On April 29, 2025, Whittier informed Alaska Wild it had terminated the Whittier Initial Purchase Agreement, that Alaska Wild had forfeited its $446,300.00 deposit under both the Bidding Procedures, as approved by the Court on January 14, 2025 [ECF No. 256] and the Whittier Initial Purchase Agreement, and that Whittier intended to seek a court order confirming the forfeiture.

On May 8, 2025, the Buyers presented an offer in the form of two modified asset purchase agreements indicating their interest in moving forward with a transaction to acquire substantially all Whittier assets, including (as detailed below) the Initial Acquired Assets, Lots 6-9 and all improvements thereon, all Vehicles and product packaging, Begich Towers Condos and Unit 209,[4] for a purchase price of $4,613,456; and the Silver Wave Vessels for $63,000 (collectively, the "Acquired Assets").  After weeks of negotiations, on June 12, 2025, the Buyers and Sellers entered into the Second Purchase Agreements.

**B.     Marketing and Submission of Bids**

A detailed summary of Hilco's marketing efforts related to Sellers' assets, the Bidding Procedures, and the submission of bids is set forth in the First Sale Motion and is incorporated herein by reference.  *See* ECF No. 285.

**C.     Terms of the Proposed Sale**

The following is a summary of the material terms of the Second Purchase Agreements between the Sellers and Alaska Wild:

**1.     Assets to be Purchased.**  The Acquired Assets are detailed in Section 2.1 of the Purchase Agreements.

---

[4] The preliminary title report reflects that Whittier does not have marketable title to Unit 209, but the Whittier has agreed to execute a quit claim deed to the Buyer.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

    a.   *Whittier.*

        a.  Lot 1A;

        b.  The Processing Plant;

        c.  Whittier's Equipment;

        d.  Whittier's Interest in the Assumed Executory Contracts;

        e.  Deposits or Prepayments relating to the Assumed Executory Contracts;

        f.  Whittier's Fisherman Receivables;

        g.  All of Whittier's tangible personal property located at the Processing Plant and Lot 1A;

        h.  Lots 6-9 and all the improvements thereon;

        i.  All of Whittier's Vehicles and product packaging;

        j.  Begich Towers Condos and Unit 209;[5]

        k.  Whittier's Fisherman Receivables, and Tenant Deposits.

    b.   *Silver Wave.* The Acquired Assets are comprised of Siver Wave's three Vessels: The Lady Angela, the Esther Point, and the Portage Bay.

**2.**    **Assets excluded from Purchase.** The assets to be excluded from purchase are detailed in Section 2.2 of the Purchase Agreements.

    a.   *Whittier.* The Second Whitter Purchase Agreement does not contemplate the sale of litigation claims, or Whittier's leasehold interests (if any) or the improvements related to the 40-man bunkhouse.

---

[5] The preliminary title report reflects that Whittier does not have marketable title to Unit 209, but the Whittier has agreed to execute a quit claim deed to the Buyer.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

  b. *Silver Wave*. The Second Silver Wave Purchase Agreement does not include the sale of the Silver Wave Fisherman Receivables.

 **3.** **Contracts.**

  a. *Whittier*. The Second Whitter Purchase Agreement contemplates the cure, assumption, and assignment of the ARRC Lease as set forth in Schedule 2.2. The ARRC Lease provides the ground lease upon which the Processing Plant, an Acquired Asset, sits, and is an integral part of the transaction. The Court previously approved the assignment and assumption of the ARRC Lease. *See* the First Sale Order. The ARRC Lease term expired on April 30, 2025, and ARRC has agreed to a new lease with Alaska Wild so long as it receives the $21,861 (the "Cure Amount") owed for delinquent rent as previously approved by the Court[6]. As such, the Purchase Price for the Whittier Proposed Sale includes the Cure Amount.

  The Second Whittier Purchase Agreement also includes the assignment of the Begich Towers Leases and the Unit 209 Lease

  b. *Silver Wave*. The Second Silver Wave Purchase Agreement does not contemplate the assignment of any executory contracts or unexpired leases.

 **4.** **Conditions to Closing**.  Approval by this Court, among other conditions contained in the Purchase Agreements are conditions to closing.

  a. *Silver Wave*. Silver Wave's obligation to close the transaction of the Vessels is conditioned on the closing of the Whittier Transaction pursuant to Section 7.5 of the Second Silver Wave Purchase Agreement.

 **5.** **Transfer Taxes.**

---

[6] The Cure Amount has been updated from the First Sale Order to account for rent that has come due since the entry of the First Sale Order.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

a.  *Whittier.* Alaska Wild and Whittier will equally share the payment of any transfer taxes, except as to the Vehicles. Alaska Wild will be responsible for any transfer taxes incurred as a result of the sale of the Vehicles as set forth in Schedule 10.16 of the Whittier Second Purchase Agreement.

b.  *Silver Wave.* Section 10.16 of the Second Silver Wave Purchase Agreement provides for Alaska Whitecap to pay any transfer taxes incurred as a result of the sale of the Vessels.

**D.    Best Interest of the Estates**

The Second Purchase Agreements represent the highest and best offer for the Acquired Assets that was attained following an extensive marketing process. Kozlov Decl. The Sellers believe that the sale of the Acquired Assets pursuant to the Second Purchase Agreements is in the best interest of their respective bankruptcy estates and will provide the maximum recovery for creditors. *Id.* The Sellers anticipate that both Cathay Bank and the Whittier Unsecured Creditors Committee (the "Committee") will support approval of the contemplated sales.

**E.    Commission**

Hilco is entitled to a commission at the closing of the Proposed Sales. Pursuant to Hilco's Engagement Agreement, Hilco is entitled to a commission equal to the greater of $500,000 or 3.0% of the purchase price of a transaction (the "Commission"), plus a monthly fee of $25,000 (the "Monthly Fee"), 50% of which shall be credited to the Commission. *See* Declaration of Teri Stratton ("Stratton Decl."), Ex. A, ¶ 2(b), Dkt. 159. Hilco is also entitled to be reimbursed for its reasonable expenses incurred in connection with the Proposed Sales, including costs incurred for meals, travel, lodging, and various office expenses. Stratton Decl., Ex. A, ¶ 2.

Neither Sellers nor Salacia have paid any Monthly Fee to Hilco since retaining Hilco. *Herman Decl.* Assuming a closing date during the month of June, Hilco will be owed Monthly Fees from

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

November 2024 through June 2025. *Id.* The net amount of the Monthly Fees owed will be $100,000 ($25,000 x 8 months / 2) ("Net Monthly Fees") as of Closing. *Id.* Hilco's Reimbursable Expenses incurred in connection with the Proposed Sales are $3,260.37. *See* Declaration of Sanjay Marken, ECF No. 291.

Based on the somewhat unique circumstances of the Proposed Sales, Sellers are in negotiations with Hilco as to the amount of the fees it will collect from the Proposed Sales. Sellers propose to reserve from sale proceeds the full amount to the commission (or $600,000 (the "Hilco Fee") pending further order of the Court.

Dock Street Brokers, which had earlier listed the Vessels for sale, has agreed to waive its commission due from the sale of the Esther Point and Lady Angela.

**F.     Liens on Acquired Assets**

1.     **Ferguson.** Ferguson Enterprises, LLC ("Ferguson") has a perfected judgment lien in the amount of $5,632.64 (the "Ferguson Lien"), duly recorded against Lot 1A in the records of the Anchorage Recording District, Third Judicial District, State of Alaksa, Serial Number 2024-018616-0, as reflected in Ferguson's timely filed Proof of Claim. *See* Claims Register, Claim 5-1.

2.     **Cathay Bank.** The Acquired Assets are subject to the following liens held by Cathay Bank:

    a.     *The Adequate Protection Lien.* Cathay Bank holds a perfected lien and security interest in the Processing Plant, employee housing, related outbuildings and real estate (including Lot 1A) in the amount of $1,864,923.98. *See* Corrected Stipulated Order Amending Final Cash Collateral Order, ¶ 2, Dkt. 221. The Debtors believe the Bank's lien is junior only to the Ferguson Lien as to Lot 1A.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

b. *Equipment and Fisherman Receivables Liens*. Cathay Bank's $22,960,132.47 claim (the "Cathay Claim") is secured by Whittier's Equipment and the Fisherman Receivables pursuant to the Loan and Security Agreement dated as of February 22, 2023 (the "Loan Agreement"). *See* Claims Register, Claim 28-1.

c. *Vessels.* The Cathay Claim is secured by each of the Vessels pursuant to the Loan Agreement. In addition, Silver Wave executed a Preferred Mortgage on the Portage Bay in favor of Cathay Bank. *See* Silver Wave Claims Register, Claim 2-1.

3. **Begich Towers Association.** The Begich Towers Condominium Association of Apartment Owners, Inc. ("Begich Towers Association") holds secured liens against each of the Begich Towers Condos and Unit 209 pursuant to A.S. 34.08.040 and 34.08.470 in the approximate amount of $45,000 for a special assessment and unpaid monthly dues.

4. **City of Whittier.** The City of Whittier asserts a lien for "necessaries" under applicable maritime law against the Lady Angela in the amount of $2,972.97. *See* Silver Wave Claims Register, Claim 1-1.

5. **The Vrsalovic Deed of Trust**. Public records indicate that Lots 6-9 are encumbered by a deed of trust in favor of Ricardo and Jan Vrsalovic recorded on June 7, 2018 in the Anchorage Recording District, Third Judicial District, State of Alaska, Serial No. 2018-020557-0 (the "Vrsalovic DOT"), which appears on the preliminary title report for Lots 6-9 (the "Limited Liability Report"). Kozlov Decl., Ex C., pg. 2, #7. The Vrsalovic DOT was recorded to secure Whittier's performance under a promissory note dated May 2018 in the principal amount of $350,000 (the "Vrsalovic Note"). *Id.*, Ex. D. Pursuant to the Vrsalovic Note, Whittier was obligated to make seven installment payments of $50,000 each between September 30, 2018, and March 31, 2020. *Id.*, Ex. D. Whittier's records, as summarized in the Kozlov Declaration, reflect that it timely made all required payments

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 9

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

and thereby satisfied its obligations in full. Because no default occurred, the loan was interest-free. *Id.*, Ex D.. Despite full repayment, Vrsalovic DOT was never reconveyed. Mr. Vrsalovic is now deceased. *Id.*, Ex. E. Whittier's efforts to contact Mrs. Vrsalovic to obtain a release of the lien have been unsuccessful. *Id*.

6. **Vessel Liens**. The following parties have liens in nominal amounts as set forth below in paragraph G.2 on one or more Vessels pursuant to applicable maritime law: Seward Boat Harbor; Storm Chasers Marine Services, Inc.; Mark Quinn; and Boat Works of Alaska.

G. **Proposed Distribution of Sale Proceeds**

The proposed allocation of the purchase price, for tax purposes only, is set forth in the Purchase Price Allocation Schedule 2.6 of the Second Purchase Agreements. The proposed distribution of the purchase price is set forth below.

1. **Whittier.**

From available sale proceeds, Whittier proposes to hold back the following, to be held by the Plan Administrator:

1. $200,000 for the payment of transfer taxes, to be held by the Plan Administrator until payment of the transfer taxes become due, the balance of which shall be distributed to Cathay Bank;

2. $37,412 for Quarterly Fees payable to the US Trustee to be held by the Plan Administrator until the Quarterly Fees become due;

3. $350,000, to be held until the Vrsalovic Notice provisions set forth below have been satisfied, at which time such funds will be distributed to Cathay Bank;

4. $600,000, on account of Hilco's claim for its Commission pending further order of the Court.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 10

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

5. $500,000, to fund the Protective Advances as set forth in the Plan. This amount may be reduced if the Plan Administrator and Cathay Bank approve a budget for the payment of such expenses, with any surplus funds being then distributed to Cathay Bank.

The approximate amounts of total distributions available from the Whittier Proposed Sale, after payment of closing costs, which are estimated to be no more than $20,000 will be as follows:

| Recipient | Amount |
| --- | --- |
| Hilco | $3,260.37 |
| Ferguson Enterprises | $5,632.64 |
| Begich Towers Association | $45,000 |
| ARRC | $21,861 |
| Cathay Bank | $2,700,000 |
| Whittier's Unsecured Creditors | $130,290.34 |

(the "Whittier Distribution"). Sellers anticipate that Cathay and the Committee will agree to the proposed distributions.

Final amounts will vary slightly based on the closing expenses and the Closing Date. Whittier proposes to make the Whittier Distribution to Hilco, Ferguson Enterprises, Begich Towers, ARRC, and Cathay Bank at Closing. Whittier proposes to hold any amounts distributable to its unsecured creditors until the later of the allowance of unsecured claims and the closing of the sale of the Salacia Plant as provided in the Plan.

2. **Silver Wave**

From available sale proceeds, Silver Wave proposes to hold back the following, to be held by the Plan Administrator:

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 11

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

1. $252 for Quarterly Fees payable to the US Trustee, from the proceeds of all Silver Wave Acquired Assets to be held by the Plan Administrator until the Quarterly Fees become due.

The approximate amounts of total distributions available from the Silver Wave Proposed Sale, after payment of closing costs, which are estimated to be no more than $5,000 will be as follows

| Recipient | Amount |
| --- | --- |
| City of Whittier | $2,972.97 |
| Boat Works of Alaska | $2,000.00 |
| Mark Quinn | $450.00 |
| Seward Boat Harbor | $400.00 |
| Storm Chasers Marine Services, Inc. | $2,200.00 |
| Cathay | $41,429.67 |

(the "Silver Wave Distribution"). Final amounts will vary slightly based on closing costs and payoff amounts as of the Closing Date. Silver Wave proposes to make the Silver Wave Distribution at Closing.

## II.  RELIEF REQUESTED

A.  **Approval of Proposed Sale**

1.  **Asset Sale Satisfies the Requirements of 11 U.S.C. §363.**

Section 363(b) of the Bankruptcy Code authorizes a debtor to sell its assets outside of the ordinary course of business.  Each of the following elements must be met: (i) a sound business reason exists for the proposed transaction; (ii) the proposed sale has been proposed in good faith; (iii) the proposed sale price is fair and reasonable; and (iv) accurate and reasonable notice has been provided of the transaction. *See*, *generally*, *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983); *In re Continental Air Lines*, 780 F.2d 1223 (5th Cir. 1986); *In re 240 North Brand Partners*, 200 B.R. 653, 659 (Bankr. 9th Cir. 1996).  Here, the Proposed Sale meets each of these four factors.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 12

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

  **a. The Proposed Sales are Supported by Sound Business Reasons.**  The Proposed Sales are supported by ample business justification and are reasonable and appropriate under the circumstances of these Chapter 11 cases.  Hilco extensively marketed the Acquired Assets, and Dock Street marketed two of the Vessels for 14 months. The Proposed Sales represent the highest and best offer received or that Hilco and the Sellers believe could be achieved in a timeframe relevant to these bankruptcy cases. Sellers could not consummate a transaction for the Acquired Assets on better terms than the Proposed Sales.

  **b. The Proposed Sales Have Been Proposed in Good Faith.**  "The requirement that a buyer act in good faith … speaks to the integrity of his conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a buyer's good faith status at a judicial sale involves fraud, collusion between the buyer and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id*.  Here, the Purchase Agreements have been negotiated and proposed in good faith after arm's-length bargaining by the parties.  Kozlov Decl. All of the terms of the Proposed Sale are disclosed. *Id*.

  In the interest of full disclosure, Sellers have disclosed their only connection with the Buyer and its affiliates—The Initial Buyer and its affiliate CMCC Seafood – affiliates of the Buyers – were previous customers of Whittier and MFI, Inc. *See* Kozlov Declaration in Support of First Sale Motion [ECF No. 286] (the "<u>First Kozlov Declaration</u>"). Except as disclosed in the First Kozlov Declaration, neither Sellers nor their indirect owners, including Mr. Kozlov, have a connection with the Buyers. *Id.,* Kozlov Decl.  The Buyer is a good faith purchaser within the meaning of § 363(m) of the Bankruptcy Code and should be entitled to all the protections thereof.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 13

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

Finally, as previously indicated, Sellers have fully disclosed, and are requesting herein the Court's approval of, all the terms and conditions of the Proposed Sales. Accordingly, the Proposed Sales have been proposed, and are, in good faith.

c. **The Purchase Price is Fair and Reasonable.** As previously discussed, Sellers, through Hilco conducted an extensive marketing process of the Acquired Assets, and two of the three Vessels have been listed for sale since December 2023 through Dock Street. The Proposed Sale is the highest and best offer under the circumstances of these cases.

d. **Notice is accurate and reasonable.** The Bid Procedures Order provide for a seven-day notice period for the Sale Motion. Sellers are filing and serving this motion on parties in interest on at least seven days' notice. As such, notice of the Proposed Sales is reasonable and accurate.

2. **The Requirements of 11 U.S.C. § 363(f)**

Section 363(f) of the Bankruptcy Code provides:

> (f) The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

Thus, a sale may be approved, even over the objection of a secured creditor, based on the provisions of § 363(f). *In re Jolan*, 403 B.R. 866 (Bankr. W.D. Wash. 2009).

Cathay Bank has been supportive of the sale process and supports the Proposed Sales. Accordingly, the Debtors seek the entry of a Sale Order authorizing the Proposed Sale pursuant to §363(f)(2).

    **a.**    **Commissions.** Section 506(c) provides that the trustee (debtor) may recover from encumbered property the "necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim…" Sellers propose to pay the Hilco Fee (the "Commission") ahead of secured creditors pursuant to Section 506(c).

**3.**    **Distribution of Purchase Prices**

Sellers request the Court authorize the distribution of the Purchase Prices as set forth in section I(H) above pursuant to 11 U.S.C. §§506 and 507.

**B.**    **Proposed Vrsalovic Notice and Reserve**

Whittier seeks authority to sell Lots 6-9 free and clear of the Vrsalovic DOT. As set forth above, the Vrsalovic Note has been paid in full, but the Vrsalovic DOT has not been released against Lots 6-9. To ensure due process is provided to Mrs. Vrsalovic and Mr. Vrsalovic's successors in interest, Whittier proposes the following notice and reserve procedures:

    1.    **Notice to Mrs. Vrsalovic and Mr. Vrsalovic's estate**: Whittier shall serve written notice of its intent to sell Lots 6-9 free and clear of the Vrsalovic DOT (the "Vrsalovic Notice") upon Mrs. Vrsalovic via U.S. Mail to her last known address. A copy of the Notice shall also be published once in the *Anchorage Daily News*, a newspaper of general circulation in Anchorage, Alaska.

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 15

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

2. **Objection Deadline**: The Notice shall inform Mrs. Vrsalovic and Mr. Vsalovic's successors in interest that they have thirty (30) days from the later of (a) the date of mailing or (b) the date of publication to file a "Notice of Unpaid Lien" with the Bankruptcy Court, asserting any outstanding claim secured by the Vrsalovic DOT.

3. **Reserve of Proceeds**: Whittier shall reserve **$350,000** from the proceeds of the Whittier Acquired Assets (the "Vrsalovic Reserve"), pending further order of the Court resolving any timely-filed Notice of Unpaid Lien.

4. **Effect of Non-Response**: If no Notice of Unpaid Lien is filed by the applicable deadline, the Vrsalovic DOT shall be deemed satisfied and sale of Lots 6-9 will be **free and clear of the Vrsalovic DOT** pursuant to 11 U.S.C. § 363(f) without further order of the Court. In such event, Whittier shall be authorized to release the Vrsalovic Reserve for distribution without further order of this Court.

A proposed form of the Vrsalovic Notice is attached hereto as Exhibit A.

C. **Assumption and Assignment of Executory Contracts and Leases.**

Bankruptcy Code § 365(a) provides in relevant part that a debtor-in-possession, subject to the court's approval, may assume or reject any unexpired lease. The bankruptcy court applies the business judgment rule in evaluating the debtor's decision. *In re G.I. Industries, Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000).

Whittier assumed the Begich Towers Leases and the Unit 209 Lease set forth in schedule 2.2 of the Whittier Second Purchase Agreement on May 31, 2025, pursuant to the Debtors' Fourth Amended Joint Plan of Reorganization (the "Plan") [ECF No. 368]. The purchase of the Begich Towers Condos and Unit 209 is a crucial element of the transaction and the assignment of the Begich

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 16

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

Towers Leases and the Unit 209 lease is necessary to ensure the current tenants are unaffected as a result of the sale. Thus, assignment is an appropriate exercise of Whittier's business judgment.

D. **Waiver of BR 6004(h) Stay**

Time is of the essence in completing the sales process and closing a sale. For this reason, the Debtors request that the Court waive the 14-day stay on closing of the Proposed Sale, as authorized under BR 6004(h).

### III. CONCLUSION

Based on the foregoing, Sellers respectfully request that this Court enter an order (1) approving the Proposed Sales; (2) approving the assignment of the Begich Towers Leases and the Unit 209 Lease; (3) finding the Buyers are good faith purchasers; (4) authorizing the distribution of the Purchase Price as set forth herein; and (5) approving the provisions related to the Vrsalovic Notice.

DATED this 26th day of June, 2025.

BUSH KORNFELD LLP

By  /s/ Lesley Bohleber
    James L. Day, (admitted *pro hac vice*)
    Lesley Bohleber, (admitted *pro hac vice*)
*Attorneys for the Debtors*

MOTION FOR ORDER APPROVING THE SALE OF ASSETS
Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 if24f301q0

# EXHIBIT A

James L. Day, (admitted *pro hac vice*)
Lesley Bohleber, (admitted *pro hac vice*)
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206)292-2110
Fax: (206) 292-2014
Email: jday@bskd.com;
tbuford@bskd.com; lbohleber@bskd.com
Attorneys for Debtors

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA AT ANCHORAGE

In re

WHITTIER SEAFOOD, LLC, [1]

              Debtors.

Chapter 11

Lead Case No. 24-00139

Jointly Administered

**NOTICE OF PROPOSED SALE OF REAL PROPERTY FREE AND CLEAR OF LIEN OF VRSALOVIC DEED OF TRUST**

    TO:      **JAN VRSALOVIC**
    AND TO:  **SUCCESSORS IN INTEREST TO RICARDO VRSALOVIC**

    **PLEASE TAKE NOTICE** that Whittier Seafood, LLC (the "Debtor") has filed a motion with the United States Bankruptcy Court for the District of Alaska seeking approval of the sale of the following real property located in Whittier, Alaska, free and clear of all liens, claims, encumbrances, and interests, including any interest claimed under a deed of trust dated June 5, 2018, in favor of Ricardo and Jan Vrsalovic securing an obligation in the amount of $350,000 (the "Vrsalovic DOT"), duly recorded against the below referenced Real Property in the records of the Anchorage Recording District, Third Judicial District, State of Alaksa, Serial Number 2018-020557-0.

    **Property Address:** 34 Billings Street, Whittier, Alaska 99693

---

[1] The Debtors are Marine Fishing International, Inc. ("MFI Inc."), Case No. 24-00140; Marine Fishing International, LLC ("MFI LLC"), Case No. 24-00141; Modys, LLC ("Modys"), Case No. 24-00142; Salacia, LLC ("Salacia"), Case No. 24-00143; Silver Wave, LLC ("Silver Wave"), Case No. 24-00144; and Whittier Seafood, LLC ("Whittier") (collectively, the "Debtors").

**NOTICE OF PROPOSED SALE OF PROPERTY FREE AND CLEAR OF VRSALOVIC DEED OF TRUST** – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 ie23mk01j5

**Legal Description:**

Lots 6, 7, 8 and 9, Block 2, CITY OF WHITTIER SUBDIVISION, PHASE ONE, according to the official plat thereof, filed under Plat No. 73-2, in the records of the Anchorage Recording District, Third Judicial District, State of Alaska.

(the "Property")

The Debtor's records reflect that all obligations under the promissory note secured by the Vrsalovic DOT have been fully satisfied, and that no balance remains owing, but the Vrsalovic DOT has not been released.

**YOU ARE HEREBY NOTIFIED** that, in connection with the sale of the Property, the Debtor will reserve **$350,000** from the sale proceeds (the "Vrsalovic Reserve") that would otherwise be paid to the Debtor's creditors, pending further order of the Bankruptcy Court.

If you believe that an amount remains due and owing under the Vrsalovic DOT and the underlying promissory note, you must file a written statement entitled **"Notice of Unpaid Lien"** with the United States Bankruptcy Court for the District of Alaska, stating the amount allegedly unpaid and the basis for the claim.

You must file the Notice of Unpaid Lien within **[DATE- 30 days from date of notice]**.

**Court Address for Filing:**
Clerk of the Bankruptcy Court
U.S. Bankruptcy Court for the District of Alaska
Old Federal Building
605 West 4th Avenue, Room 138
Anchorage, AK 99501

If no Notice of Unpaid Lien is timely filed, the sale of the Property will be deemed **free and clear of the Vrsalovic DOT** pursuant to 11 U.S.C. § 363(f), and the Vrsalovic Reserve may be released by further order of the Court.

DATED this ____st day of _____, 2025.

BUSH KORNFELD LLP

By   /s/ Lesley Bohleber
James L. Day, (admitted *pro hac vice*)
Lesley Bohleber, (admitted *pro hac vice*)
*Attorneys for the Debtors*

NOTICE OF PROPOSED SALE OF PROPERTY FREE AND CLEAR OF VRSALOVIC DEED OF TRUST – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2837 ie23mk01j5