Gregory R. Fox, WSBA No. 30559*
James B. Zack, WSBA No. 48122*
Alena Ivanov, WSBA No. 59900*
BALLARD SPAHR LLP
1301 2nd Ave, Suite 2800
Seattle, WA 98101-2930
Telephone: (206) 223-7000
foxg@ballardspahr.com
zackj@ballardspahr.com
ivanova@ballardspahr.com
*Admitted Pro Hac Vice

Michael J. Parise, ABA No. 7906044
BALLARD SPAHR LLP
1600 A Street, Suite 304
Anchorage, AK 99503-2648
Tel: (907) 264-3322
parisem@ballardspahr.com

Attorneys for Cathay Bank
and Cathay Holdings LLC

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Lead Case No. 24-00139<br>Jointly Administered<br><br>**CATHAY'S MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS** |

## I.  INTRODUCTION & RELIEF REQUESTED

Cathay Bank ("Cathay") respectfully requests that the Plan Administrator assume responsibility for the Salacia marketing and sale process, because the Debtors' principal ("Kozlov") is interfering with the process.

---

[1] The Debtors are Marine Fishing International, Inc., Case No. 24-00140; Marine Fishing International, LLC, Case No. 24-00141; Modys, LLC, Case No. 24-00142; Salacia, LLC, Case No. 24-00143; Silver Wave, LLC, Case No. 24-00144; and Whittier Seafood, LLC.

MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY
FOR SALACIA MARKETING AND SALE PROCESS - 1

BALLARD SPAHR LLP
1301 2ND AVE, SUITE 2800
SEATTLE, WA 98101-2930
206.223.7000 FAX: 206.223.7107

## II. STATEMENT OF FACTS

### A. The Salacia Marketing and Sale Process.

The Debtors' Fourth Amended Joint Plan of Reorganization (the "Plan") is confirmed and effective as of May 31, 2025. ECF No. 368.[2]

The Plan is primarily predicated on marketing and selling the Salacia Plant and the Salacia Equipment (collectively referred to herein as "Salacia"), with Hilco's assistance (the "Marketing and Sale Process"). *See, e.g.*, Plan at VII.D (Means for Execution of the Plan, Sales of Assets).

The Court-approved bid procedures provide a timeline for the Marketing and Sale Process, including a June-July marketing and buyer diligence period, August bid submissions and auction, and early-September sale hearing and closing. *See* ECF No. 408 at p. 3.

### B. The Debtors' Initial Control Over the Salacia Marketing and Sale Process.

The Plan initially affords the Debtors (*i.e.*, Kozlov) ultimate control over the Marketing and Sale Process, and over Hilco; however, the Plan Administrator shall assume responsibility for the Marketing and Sale Process on October 15, 2025, or sooner if the Court finds "cause":

> 3. <u>Sale of Salacia Assets Upon Deadline</u>: If the Salacia Plant or Salacia Equipment has not sold by October 15, 2025, the Plan Administrator shall automatically assume sole responsibility for promptly liquidating any portion of the Salacia Plant or Salacia Equipment that has not sold by such date, with the assistance of Hilco, including exclusive discretion to accept offers and sell Salacia assets as a whole or piecemeal.
>
> 4. <u>Sale of Salacia Assets Upon Court Order</u>: **Cathay Bank and the Committee shall each have the right to move the Court to have the Plan Administrator assume responsibility for the Salacia Plant and Salacia Equipment marketing and sale process earlier than October 15, 2025, for cause**; provided, however, any such motion must provide at least 10 days for the Debtors to respond, unless the Bankruptcy Court orders that exigent circumstances warrant a shorter response period, and may only be granted after such notice and a hearing.

Plan at VII.E.3-4 (emphasis added).

---

[2] Capitalized terms used but not defined herein have the meaning set forth in the Plan.

MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY
FOR SALACIA MARKETING AND SALE PROCESS - 2

BALLARD SPAHR LLP
1301 2ND AVE, SUITE 2800
SEATTLE, WA 98101-2930
206.223.7000 FAX: 206.223.7107

C.  **Kozlov's Interference in the Marketing and Sale Process.**

As contemplated in the Plan's "Sale Transparency" section, Cathay attends update meetings regarding Salacia's Marketing and Sale Process, along with representatives of Hilco, the Debtors, the Committee, and the Plan Administrator ("Update Meetings"), where Cathay and the other parties receive progress reports and ask questions about the Marketing and Sale Process. *See* Plan at VII.F.

1.  Kozlov Prevented Hilco from Attending the Salacia Tour.

From the Update Meetings, it is Cathay's understanding that (i) Hilco scheduled the first prospective buyer and its broker to tour the facility (the "Salacia Tour"); (ii) days before the Salacia Tour, Hilco contacted Kozlov to confirm travel arrangements for Hilco to attend and lead the tour; (iii) Kozlov instructed Hilco not to attend the Salacia Tour; (iv) Hilco followed Kozlov's instruction, and did not attend the Salacia Tour; (v) instead, a Salacia employee led the tour; and (vi) the Salacia employee had limited knowledge of the Marketing and Sale Process, and limited ability to answer questions from the prospective buyer and its broker; whereas, Hilco has full knowledge of the Marketing and Sale Process and could have answered questions.

2.  Kozlov is Preventing Hilco from Communicating with Prospective Buyers; and Communicating with Prospective Buyers About Alternative Transactions.

From the Update Meetings, it is Cathay's understanding that Kozlov has (i) communicated directly with at least one prospective buyer to propose alternative transactions, such as a refinance loan or joint venture; (ii) instructed Hilco to stop communicating with at least one prospective buyer; and (iii) led a tour of the facility for at least one prospective buyer without Hilco present.

3.  Kozlov Sold Salacia Assets and Used Cash Collateral Without Authority.

The Debtors' own (late) financial reports establish that, throughout 2025, Kozlov has been selling Salacia and Whittier equipment and using the proceeds without authority or consent. *See*, *e.g.*, Case No. 24-00139, ECF No. 397, 416 (unauthorized sales of a sweeper, forklift, and other equipment for over $150,000).

## III. ARGUMENT

For the past year, the Debtors pointed to the anticipated Salacia Marketing and Sale Process as the safety net ensuring full payment for all creditors. To that end, the Plan's distribution tiers for a Salacia sale include substantially all secured, unsecured, and administrative claims of all estates. *See* Plan at VII.G.1.b. Meanwhile, Whittier is selling substantially all of its assets for only 15% of their scheduled value, placing even more risk on Salacia to make all creditors whole.

The Plan includes two layers of insulation to prevent Kozlov from hindering Salacia's Marketing and Sale Process. First, the Update Meetings and other progress reports ensure that the Marketing and Sale Process is implemented by Hilco and the Debtors with full transparency for Cathay, the Committee, and the Plan Administrator. Second, if that transparency reveals "cause" warranting the Plan Administrator immediately assuming responsibility for the Marketing and Sale Process, then the Court may order such relief subject to 10-days' notice and a hearing.

Now, "cause" exists for the Plan Administrator to assume responsibility for the Marketing and Sale Process, because Kozlov's interference is hindering the process in the exact ways that the Plan is designed to prevent: (1) Kozlov sabotaged Hilco's first tour, (2) Kozlov diverted at least one prospective buyer away from the Marketing and Sale Process, and toward alternative Kozlov-focused financing transactions that the Plan does not contemplate, and (3) Kozlov sold Cathay's equipment collateral and used its cash collateral without authority.

There is ample "cause" for the Court to order the Plan Administrator to immediately assume responsibility for the Marketing and Sale Process, to mitigate these risks for all creditors.

## IV. CONCLUSION

For these reasons, Cathay respectfully request that the Plan Administrator assume responsibility for the Salacia marketing and sale process.

//

//

//

//

1  DATED: July 16, 2025.

2  BALLARD SPAHR LLP

4  By /s/ James B. Zack
   Gregory R. Fox, WSBA No. 30559*
5  Michael J. Parise, ABA No. 7906044
   James B. Zack, WSBA No. 48122*
6  Alena Ivanov, WSBA No. 59900*
   Attorneys for Cathay Bank
7  and Cathay Holdings LLC

8  *Admitted Pro Hac Vice

MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY
FOR SALACIA MARKETING AND SALE PROCESS - 5

BALLARD SPAHR LLP
1301 2ND AVE, SUITE 2800
SEATTLE, WA 98101-2930
206.223.7000 FAX: 206.223.7107

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that (1) on July 16, 2025, a true and correct copy of the foregoing document was served electronically through the ECF system as indicated on the Notice of Electronic Filing, including the following persons:

    Debtors
    U.S. Trustee
    Registered ECF Participants

and that (2) on July 16, 2025, I caused a true and correct copy of the foregoing document to be deposited in the United States mail in Seattle, Washington, via First Class U.S. Mail, addressed to:

    William A. Earnhart
    Birch Horton Bittner & Cherot
    510 L Street, Suite 700
    Anchorage, AK 99501

By:   */s/James B. Zack*
     James B. Zack, Ballard Spahr LLP

MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY
FOR SALACIA MARKETING AND SALE PROCESS - 6

BALLARD SPAHR LLP
1301 2ND AVE, SUITE 2800
SEATTLE, WA 98101-2930
206.223.7000 FAX: 206.223.7107

# EXHIBIT A

Gregory R. Fox, WSBA No. 30559*
James B. Zack, WSBA No. 48122*
Alena Ivanov, WSBA No. 59900*
BALLARD SPAHR LLP
1301 2nd Ave, Suite 2800
Seattle, WA 98101-2930
Telephone: (206) 223-7000
foxg@ballardspahr.com
zackj@ballardspahr.com
ivanova@ballardspahr.com
*Admitted Pro Hac Vice

Michael J. Parise, ABA No. 7906044
BALLARD SPAHR LLP
1600 A Street, Suite 304
Anchorage, AK 99503-2648
Tel: (907) 264-3322
parisem@ballardspahr.com

Attorneys for Cathay Bank
and Cathay Holdings LLC

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC *et al*.,[1]<br><br>                Debtor. | Chapter 11<br><br>Lead Case No. 24-00139<br>Jointly Administered<br><br>[*PROPOSED*]<br>**ORDER APPOINTING PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS** |

        This matter came before the Court on the *Motion for Plan Administrator to Assume Responsibility for Salacia Marketing and Sale Process* (the "Motion") filed by Cathay Bank. Capitalized terms used but not defined in this Order have the definition provided in the Plan [ECF No. 368]. The Court has considered the Motion and the record and files herein, and finds that

---

[1] The Debtors are Marine Fishing International, Inc., Case No. 24-00140; Marine Fishing International, LLC, Case No. 24-00141; Modys, LLC, Case No. 24-00142; Salacia, LLC, Case No. 24-00143; Silver Wave, LLC, Case No. 24-00144; and Whittier Seafood, LLC.

ORDER APPOINTING PLAN ADMINISTRATOR TO ASSUME
RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS - 1

BALLARD SPAHR LLP
1301 2ND AVE, SUITE 2800
SEATTLE, WA 98101-2930
206.223.7000 FAX: 206.223.7107

adequate notice of the Motion was given, and cause exists to grant the requested relief. Now, therefore, it is hereby ORDERED:

    1. The Motion is GRANTED; and

    2. Immediately upon entry of this Order, the Plan Administrator shall assume and hold exclusive responsibility for marketing and selling the Salacia Plant and the Salacia Equipment in accordance with the Plan.

ENTERED this ___ day of July, 2025.

BY THE COURT

_____
THE HONORABLE GARY SPRAKER
United States Bankruptcy Judge

Presented by:

BALLARD SPAHR LLP

By/s/*James B. Zack*
   Gregory R. Fox, WSBA No. 30559*
   Michael J. Parise, ABA No. 7906044
   James B. Zack, WSBA No. 48122*
   Alena Ivanov, WSBA No. 59900*
Attorneys for Cathay Bank
and Cathay Holdings LLC

*Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that (1) on July 16, 2025, a true and correct copy of the foregoing document was served electronically through the ECF system as indicated on the Notice of Electronic Filing, including the following persons:

    Debtors
    U.S. Trustee
    Registered ECF Participants

and that (2) on July 16, 2025, I caused a true and correct copy of the foregoing document to be deposited in the United States mail in Seattle, Washington, via First Class U.S. Mail, addressed to:

    William A. Earnhart
    Birch Horton Bittner & Cherot
    510 L Street, Suite 700
    Anchorage, AK 99501

By:  /s/James B. Zack
    James B. Zack, Ballard Spahr LLP