JOHN S. KAPLAN (*Admitted Pro Hac Vice*)
john.kaplan@stoel.com
JAMES E. TORGERSON, Bar No. 8509120
jim.torgerson@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: 206.624.0900
*Attorneys for Aleksey N. Kozlov*

The Honorable Gary Spraker

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA  98101
Main 206.624.0900    Fax 206.386.7500

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re | Case No. 24-00139 |
| WHITTIER SEAFOOD, LLC et al.,[1] | Chapter 11 |
| Debtor. | **MOTION TO UNSEAL DECLARATION OF TERI STRATTON IN RESPONSE TO QUESTION ASKED DURING HEARING ON CATHAY'S MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS** |

Aleksey N. Kozlov ("***Movant***" or "***Mr. Kozlov***") hereby moves to unseal the Declaration of Teri Stratton in Response to Question Asked During Hearing on Cathay's Motion for Plan Administrator to Assume Responsibility for Salacia Marketing and Sale Process [Doc. 457] (the "***Stratton Declaration***").

### I.  BACKGROUND

The Debtors commenced these jointly administered Chapter 11 cases on August 19, 2024, with the goal of restricting their financial affairs.  *See* Declaration of Aleksey Kozlov in Support of First Day Motions ¶ 36 ("***First-Day Declaration***") [Doc. 12].

---

[1] The Debtors are Marine Fishing International, Inc., Case No. 24-00140; Marine Fishing International, LLC, Case No. 24-00141; Modys, LLC, Case No. 24-00142; Salacia, LLC, Case No. 24-00143; Silver Wave, LLC, Case No. 24-00144; and Whittier Seafood, LLC.

MOTION TO UNSEAL DECLARATION OF TERI STRATTON IN RESPONSE TO QUESTION ASKED DURING HEARING ON CATHAY'S MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS

## II. MOTION

At the August 6, 2025 hearing on Cathay Bank's Motion to Motion for Plan Administrator to Assume Responsibility for Salacia Marketing and Sale Process, when Mr. Kozlov's undersigned counsel questioned Ms. Stratton about whether she had actually had pricing conversations with "Company B," who Mr. Kozlov good reason to believe was not a serious fair-market-price bidder, it was agreed that Ms. Stratton would provide such testimony via declaration under seal so as not to potentially taint an allegedly active bidding process.  But that bidding process appears over. The winner bidder selected by Stapleton was an entity controlled by a Bellingham real estate investor named Curt Thor, who is not in the seafood industry, and who apparently decided to take Hilco and Stapleton up on their effective offer of "Buy the vacant lots for fair value and we will through in a $25 million building and underlying land for free."  There appears to be no relation between Mr. Thor and Company B.

Assuming, for argument's sake, that Stapleton at some level recognizes a duty to maximize value to the Salacia bankruptcy estate, if Company B had bid more than $7.25 million, Stapleton likely would have accepted that amount rather $7.25 million.

Therefore, the Stratton Declaration is relevant, probative and should be unsealed for at least the following reasons related to Mr. Kozlov's pending Motion to Remove Hilco as Investment Banker, Terminate Authority of Plan Administrator to Conduct Sale and Marketing of Salacia Assets or Change Plan Administrator, and Require Accounting [Doc. 499] (the "***Removal Motion***"):

1.      It further demonstrates the absurdly low price obtained through Stapleton/Hilco.

2.      It shows that Mr. Kozlov was ousted, and Kidder Mathews fired, setting the sale process back months, based in part on spurious arguments.  Mr. Kozlov was 100% correct that Company B was not a serious bidder for the assets.  Invaluable time has been wasted since then without proper marketing of the Salacia assets by a real estate broker specializing in the correct type of asset and market.

MOTION TO UNSEAL DECLARATION OF TERI STRATTON IN RESPONSE TO QUESTION ASKED DURING HEARING ON CATHAY'S MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

3.      It also demonstrates part of the reason that Mr. Kozlov never wanted to engage Hilco in connection with the Business Debtors' Plan, wanted to terminate Hilco as of July 1, 2025, and finally terminated them in August 2025.  Hilco was not only wasting time not talking to serious bidders, but Mr. Kozlov experienced that they tended to set high expectations for results and then under-deliver.  The dichotomy between the "discussions" that were referenced in the Stratton Declaration and the actual deal signed for the property is startling and should be part of the record on the Removal Motion.

### III.  CONCLUSION

For each of the preceding reasons, Movant respectfully requests that the court grant this Motion and unseal the Stratton Declaration.

DATED: October 1, 2025.                          STOEL RIVES LLP

*/s/ John S. Kaplan*
John S. Kaplan, (*Admitted Pro Hac Vice*)
James E. Torgerson, Bar No. 8509120
600 University Street, Suite 3600
Seattle, WA 98101
T.  (206) 624-0900
Email:  john.kaplan@stoel.com

*Attorneys for Aleksey N. Kozlov*

MOTION TO UNSEAL DECLARATION OF TERI STRATTON IN RESPONSE TO QUESTION ASKED DURING HEARING ON CATHAY'S MOTION FOR PLAN ADMINISTRATOR TO ASSUME RESPONSIBILITY FOR SALACIA MARKETING AND SALE PROCESS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2025, a true and correct copy of the attached document was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.


DATED:  October 1, 2025


/s/ John S. Kaplan
John S. Kaplan

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA  98101
*Main 206.624.0900   Fax 206.386.7500*

CERTIFICATE OF SERVICE