Brian T. Peterson, *Pro Hac Vice*
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

HONORABLE GARY SPRAKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re:<br><br>WHITTIER SEAFOOD, LLC<br><br>Debtors[1]. | Chapter 11<br>Case No. 24-00139<br><br>Jointly Administered<br><br>ORDER GRANTING MOTION FOR ORDER AUTHORIZING THE SALE OF SALACIA PLANT FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES |

THIS MATTER comes before the Court upon the *Motion for Order Authorizing the Sale of the Salacia Plant Free and Clear of All Liens, Claims, Interests, and Encumbrances* (the "Plant Sale Motion") filed by The Stapleton Group as Plan Administrator (the "Plan Administrator"). Having considered the Equipment Sale Motion, the accompanying declarations, the testimony of any witnesses presented in Court, the Asset Purchase Agreement ("APA") between the Plan Administrator and The Conversion of R.C.C.I., LLC ("Buyer"), a copy of which is attached hereto as Exhibit A, any objections and reply materials, the arguments of counsel at the hearing to approve the sale, and the pleadings and papers herein, the Court **HEREBY FINDS AND DETERMINES AS FOLLOWS:**

A.  The Court has jurisdiction over the Plant Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as the terms of the Debtors' Fourth Amended Joint Plan of Reorganization (the "Plan"), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and

---

[1] The Debtors are Marine Fishing International, Inc. ("MFI Inc."), Case No. 24-00140; Marine Fishing International, LLC ("MFI LLC"), Case No. 24-00141; Modys, LLC ("Modys"), Case No. 24-00142; Salacia, LLC ("Salacia"), Case No. 24-00143; Silver Wave, LLC ("Silver Wave"), Case No. 24-00144; and Whittier Seafood, LLC ("Whittier") (collectively, the "Whittier Group").

ORDER APPROVING SALE OF SALACIA EQUIPMENT
FREE AND CLEAR - 1
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(O). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. On June 27, 2025, the Court entered its *Order Approving Bidding Procedures for Salacia, LLC and Form of Notice* [Dkt. No. 407] (the "Bid Procedures Order"), which governed the procedures to be used in connection with marketing the Salacia assets for sale. The Bid Procedures Order provides that if net proceeds of a proposed sale transaction of Salacia assets are not sufficient to pay creditors in full, the notice period for a sale hearing is shortened to seven days and responses or objections are due on or before 4:00 p.m. (Alaska Time) two business days prior to the sale hearing.

C. As evidenced by the affidavits of service previously filed with the Court, the Plan Administrator provided proper, timely, adequate and sufficient notice of the Plant Sale Motion, the Sale Hearing, the transactions contemplated under the APA in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court for the District of Alaska. Such notice was good and sufficient, and afforded parties a reasonable opportunity to object or be heard with respect to the matters that are the subject of this Order, and no other or further notice of the Plant Sale Motion shall be required.

D. Salacia, LLC (the "Debtor") and the Plan Administrator marketed the assets being sold pursuant to the APA with the Buyer (the "Acquired Assets") and conducted the sale process in compliance with applicable law and rules. Neither the Debtor nor the Plan Administrator has previously sold, assigned, or conveyed the Acquired Assets.

E. The Plan Administrator has full power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Acquired Assets by the Plan Administrator have been duly and validly authorized by all necessary actions of the Plan Administrator.

F. Plan provides, in Article VII, that the Plan Administrator, with the assistance of Hilco, has the exclusive discretion to accept offers and sell Salacia assets as a whole or piecemeal.

G. Approval of the APA and consummation of the sale contemplated therein is in the best interests of the Debtor, its creditors, its post-confirmation estate, and other parties in interest.

ORDER APPROVING SALE OF SALACIA EQUIPMENT
FREE AND CLEAR - 2
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

H. The Plan Administrator has demonstrated good, sufficient, and sound business purpose and justification for the sale of the Acquired Assets in accordance with Section 363 of the Bankruptcy Code and the terms of the Plan.

I. The APA was negotiated, proposed and entered into by the Plan Administrator and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As such, the Buyer is a good faith purchaser under Section 363(m) and is entitled to all the protections afforded thereby.

J. The consideration provided by the Buyer for the Acquired Assets pursuant to the APA (i) is fair and reasonable, (ii) is the highest and best offer for the Acquired Assets, and (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative. The transfer of the Acquired Assets to Buyer constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code.

K. The transfer of the Acquired Assets to the Buyer will be a legal, valid, and effective transfer of the Acquired Assets, and, as except as expressly stated in this Order, will vest the Buyer with all right, title, and interest of the Debtor to the Acquired Assets free and clear to the fullest extent permitted under the Bankruptcy Code or other applicable law of all interests in such property of any person or entity.

L. The Plan Administrator may sell the Acquired Assets free and clear of all interests, including liens, claims and encumbrances, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  Other holders of interests who objected to the Plant Sale Motion fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of the sale attributable to the property against or in which they assert an interest, in the same order of priority that existed prior to the closing and subject to all objections, counterclaims, recoupments and other defenses of the Debtor's estate.

ORDER APPROVING SALE OF SALACIA EQUIPMENT FREE AND CLEAR - 3
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Plant Sale Motion is **GRANTED** as described below.

2. The findings of fact and conclusions of law recited above are incorporated herein.

3. All objections to the Plant Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

4. The APA attached hereto as Exhibit A, and all of the terms and conditions thereof, is hereby **APPROVED**.

5. Pursuant to 11 U.S.C. § 363(b), the Plan Administrator is authorized and directed to consummate the sale to Buyer, pursuant to and in accordance with the terms and conditions of the APA.

6. The Plan Administrator is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

7. Except as otherwise specifically provided herein, pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Acquired Assets shall be transferred at Closing to the Buyer, free and clear of all interests, including liens, claims, and encumbrances, with all such interests to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

8. The sale of the Acquired Assets by the Plan Administrator to Buyer (A) is or will be

ORDER APPROVING SALE OF SALACIA EQUIPMENT FREE AND CLEAR - 4
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

legal, valid and effective transfers of the Acquired Assets; (B) constitutes a transfer for reasonably equivalent value and fair consideration under the United States Bankruptcy Code; and (C) except as otherwise specifically provided herein, will vest Buyer with all right, title and interest of the Debtor to the Acquired Assets free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code (other than liens created by Buyer).

9. Except as otherwise provided herein, all persons having interests of any kind or nature whatsoever against or in any of the Acquired Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such interests against the Acquired Assets, the Buyer, or any of its assets, property, successors, or assigns.

10. Except as specifically provided in the APA and this Order, the transfers contemplated by the APA do not and shall not subject the Buyer to any liability for claims against the Debtor by reason of such transfers under: (i) the laws of the United States, any state, territory or possession thereof, including claims relating to the operation of the Debtor's business before the Closing Date; (ii) any employment contract, understanding, or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans; and/or (iii) any additional contracts and/or other agreements which have been previously entered into by the Debtor.

11. The transactions contemplated under the APA do not amount to a consolidation, merger or de facto merger of either the Buyer or the Debtor and/or its post-confirmation estate, particularly as there is no substantial continuity between the Buyer and the Debtor, no continuity of enterprise between the Buyer and the Debtor and the Buyer is not a mere continuation of either the Debtor or its post-confirmation estate.

12. This Court retains exclusive jurisdiction to interpret, enforce, implement and resolve any disputes arising under or in connection with the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, and this Order.

ORDER APPROVING SALE OF SALACIA EQUIPMENT FREE AND CLEAR - 5
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

13. Neither the Plan Administrator nor the Buyer is required to make any filing with or give any notice to, or to obtain any approval, consent, ratification, permission, waiver or authorization from, any person or any governmental authority in connection with the execution and delivery of the APA, and the Plan Adminsitrator does not need to seek or obtain consent to consummate the sale.

14. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that there will be no material impact on the post-confirmation bankruptcy estate of the Debtor.

15. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h), 6006(d), 7062 and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply, is expressly lifted and this Order is immediately effective and enforceable.

16. If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents or agreements evidencing claims against or in the Debtor or the Acquired Assets, shall not have delivered to the Plan Administrator prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Acquired Assets, or otherwise, then (at the Closing) only with regard to the Acquired Assets being acquired by the Buyer pursuant to the APA, the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order (and file any UCC-3 termination statements), which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all claims against the Acquired Assets. This Order is deemed to be in a recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

17. Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers and

ORDER APPROVING SALE OF SALACIA EQUIPMENT FREE AND CLEAR - 6
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

comparable state statutes are not applicable to the sale of the Acquired Assets to the Buyer.

18. The Plan Adminsitrator is authorized and directed to disburse the sale proceeds after Closing under the APA in accordance with the terms of Article VII.G of the Plan, as follows:

(a) First, Hilco shall be paid (i) $315,000 for its contractually owed 3% commission in connection with the APA; and (ii) $130,162, which is the portion of its monthly fees attributable to the Salacia assets.

(b) Second, Cathay Bank shall be reimbursed for its Protective Advances, in the amount of $500,000, but only to the extent that Cathay Bank has not already been reimbursed from the proceeds of the sale of the Salacia equipment.

(c) Third, the Plan Administrator's reasonable fees and costs shall be paid in full, including the fees and costs for the month of July in the amount of $34,384.50; September in the amount of $52,814; and accrued fees in October in an amount to be determined.

(d) Fourth, SCT Investments, Ltd. shall be paid its break-up fee in the amount of $217,500.

(e) Fifth, the remaining net proceeds shall be set aside and preserved as the Lien Priority Reserve pending resolution of any priority lien disputes between the allowed claims of Classes 1 through 5 under the terms of the Plan.

19. To the extent that any provision of this Order is inconsistent with the provisions of the APA, any prior order, or any pleading with respect to the motions in this case, the terms of this Order shall control.

DATED this ___ day of October, 2025.

BY THE COURT

_____
HONORABLE GARY SPRAKER
United States Bankruptcy Judge

ORDER APPROVING SALE OF SALACIA EQUIPMENT
FREE AND CLEAR - 7
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Presented by:

K&L GATES LLP

*/s/Brian T. Peterson*
    Brian T. Peterson, *Pro Hac Vice*
Attorneys for The Stapleton Group,
as Plan Administrator

ORDER APPROVING SALE OF SALACIA EQUIPMENT
FREE AND CLEAR - 8
1602338008.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022