JOHN S. KAPLAN (*Admitted Pro Hac Vice*)
john.kaplan@stoel.com
JAMES E. TORGERSON, Bar No. 8509120
jim.torgerson@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
*Attorneys for Aleksey N. Kozlov*

The Honorable Gary Spraker

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>WHITTIER SEAFOOD, LLC et al.,[1]<br><br>        Debtor. | Case No. 24-00139<br><br>Chapter 11<br><br>**ALEKSEY N. KOZLOV'S OBJECTION TO STIPULATED MOTION RE SALACIA PLANT SALE PROCEEDS DISTRIBUTIONS** |

      Aleksey N. Kozlov ("**Mr. Kozlov**"), by and through his undersigned counsel, submits this objection to *Stipulated Motion RE Salacia Plant Sale Proceeds Distributions*[2] (the "**Motion**") [Dkt. No. 598]. Specifically, Mr. Kozlov objects to the Motion to the extent it proposes to pay $350,000 to Tesla Electric, LLC ("**Tesla**"). Additionally, while not an objection, Mr. Kozlov requests further information regarding the invoices of the Plan Administrator, and a standing order request to share those invoices going forward, since Mr. Kozlov has no back-up for the sizeable payments going out to the Plan Administrator and counsel that his businesses need to account for. Mr. Kozlov does not object to any other portion of the Motion and requests that all parties other than Tesla be paid pursuant to the Motion. This Objection is supported by the Declaration of Aleksey N. Kozlov filed herewith (the "**Kozlov Declaration**").

---

[1] The Debtors are Marine Fishing International, Inc., Case No. 24-00140; Marine Fishing International, LLC, Case No. 24-00141; Modys, LLC, Case No. 24-00142; Salacia, LLC, Case No. 24-00143; Silver Wave, LLC, Case No. 24-00144; and Whittier Seafood, LLC.

[2] Capitalized terms used but not defined herein have the meaning set forth in the Motion.

## I.     INTRODUCTION

Mr. Kozlov is the indirect owner of each of the relevant Debtors, and was the authorized agent of the Debtors in negotiating and signing the Plan. Mr. Kozlov has a personal stake in this matter because of his guaranty of the Cathay Bank debt. The confirmed Plan of Reorganization in Mr. Kozlov's individual bankruptcy case provides a schedule for disposition of his personally owned assets to satisfy Cathay Bank's claims to the extent those claims are not paid by the Business Debtors in these cases. Because the net proceeds from the Salacia sale were so low, Mr. Kozlov will likely lose both his homes to satisfy the Cathay Bank's personal claim, even though he has already sold the Hickory condo, the Bellevue condo and two parcels of land. Any funds paid to parties other than Cathay Bank from the proceeds of Cathay Bank's collateral represent a dollar-for-dollar loss to Mr. Kozlov.

## II.     ARGUMENT

Mr. Kozlov disagrees that Tesla is owed $350,000 or more by Salacia. A statement provided to Salacia from Tesla dated as of October 26, 2023 showed an alleged balance owing of $254,652.01 (the "**October 26, 2023 Statement**"). Kozlov Declaration, ¶ 3, Ex. A. Most of the invoices on this statement are disputed. The first invoice on such statement is Tesla Electric Invoice #21A in the amount of $92,420.17. *Id.*, Ex. B. Tesla billed Salacia a total of $98,242.64 for an estimate for future work in the Spring of 2023. Salacia had three companies provide estimates. Salacia ultimately awarded the job to Mastercraft Electric, Inc. No other contractor charged Salacia just to give an estimate. Tesla's estimate was not part of any contract or change order between Salacia and Tesla; in other words, there was no written agreement for Salacia to pay Tesla for providing an estimate. The invoice includes mark-ups for overhead and profit which are even more inappropriate for an estimate. *Id.*, ¶ 4.

Additionally, on May 9, 2023, Salacia made a payment to Tesla in the amount of $153,900.06 (the "*May 9 Payment*") for the balance then-owed, in exchange for an Unconditional Release of Lien signed by Tesla Electric signed on May 9, 2023 with a Wavier

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900    Fax 206.386.7500

ALEKSEY N. KOZLOV'S OBJECTION TO STIPULATED MOTION RE SALACIA PLANT SALE PROCEEDS DISTRIBUTIONS

2

151374514.1 0083694-00002

Date of April 26, 2023.  *Id.*, ¶ 5-6, Ex. C.  Salacia would not have made the May 9 Payment if it had not received a simultaneous Unconditional Lien Release from Tesla.  *Id.*

The Unconditional Lien Release as of April 26, 2024 clearly covers the "Labor November 2022" and "Labor December 2023" included on Invoice 023A, as listed on the October 26, 2023 Statement, as well as most or all of the Estimate work that is the subject of Invoice #21A.  Salacia does not dispute that it owes Tesla for Invoices 22A, 22B, and 25A on the October 26, 2023 Statement.  Mr. Kozlov does not believe that he was ever provided the support for Invoice 24A and does not know what it covers and whether it is legitimately owed to Tesla.  In short, the actual amount by Tesla is a fraction of the $350,000 that is proposed to be paid under the Motion, and any interest charges should be proportionally reduced to only accrue on legitimately owed invoices, and any attorneys' fees component needs to looked at in the prism of how much was actually owed to Tesla.

### III.    CONCLUSION

WHEREFORE, for the reasons set forth above, Mr. Kozlov requests that the Court deny the Motion with respect to the proposed payment to Tesla.  Either Tesla should be paid a reduced amount, or an appropriate amount should be escrowed pending final adjudication of the amount of Tesla's secured claim.

DATED:  December 10, 2025            STOEL RIVES LLP

*/s/ John S. Kaplan*
JOHN S. KAPLAN (*Admitted Pro Hac Vice*)
john.kaplan@stoel.com
*Attorneys for Aleksey N. Kozlov*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 10, 2025, a true and correct copy of the attached document was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

DATED: December 10, 2025

*/s/ John S. Kaplan*
John S. Kaplan